[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 05-12365
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
NOVEMBER 17, 2005
THOMAS K. KAHN
CLERK

D. C. Docket No. 05-00084-CV-3-MCR-EMT

MIGNA ELIAS-JIMENEZ,

Petitioner-Appellant,

versus

M. RIVERA, Warden,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

(November 17, 2005)

Before CARNES, PRYOR and FAY, Circuit Judges.

PER CURIAM:

Migna Elias-Jimenez, a pro se federal prisoner, appeals the district court's dismissal of her petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241, in which she argued that her sentence was invalid because it was enhanced based upon facts that were not proven beyond a reasonable doubt to a jury, in violation of Blakely v. Washington, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004); United States v. Booker, 543 U.S.___, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005). The district court dismissed Elias-Jimenez's petition with prejudice because the "savings clause" of 28 U.S.C. § 2255 did not apply due to the fact that the rights she asserted are not retroactively applicable on collateral review. Elias-Jimenez appeals the dismissal based on the savings clause, and also contends that the savings clause does not apply because her petition is based on a new constitutional rule recognized by the Supreme Court within the preceding year.

The availability of habeas relief under § 2241 presents a question of law that we review de novo. Cook v. Wiley, 208 F.3d 1314, 1317 (11th Cir. 2000). Typically, collateral attacks on the validity of a federal conviction or sentence must be brought under § 2255. Sawyer v. Holder, 326 F.3d 1363, 1365 (11th Cir. 2003). However, under limited circumstances, a provision of § 2255 permits a federal prisoner to file a habeas petition pursuant to 28 U.S.C. § 2241. See 28 U.S.C. §§ 2241(a), 2255. That provision, known as the "savings clause," provides that

2

[a]n application for writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255. Accordingly, a court may entertain a § 2241 petition attacking custody resulting from a federally imposed sentence if the petitioner establishes that the remedy provided for under § 2255 is inadequate or ineffective. The burden of coming forward with evidence affirmatively showing the inadequacy or ineffectiveness of the § 2255 remedy rests with the movant. McGhee v. Hanberry, 604 F.2d 9, 10 (5th Cir. 1979).

The savings clause only applies when (1) the petitioner's claim is based on a retroactively applicable Supreme Court decision; (2) the holding of that decision established that the petitioner was convicted of a "nonexistent offense;" and (3) "circuit court law squarely foreclosed such a claim at the time it otherwise should have been raised at the petitioner's trial, appeal, or first § 2255 motion." Wofford v. Scott, 177 F.3d 1236, 1244 (11th Cir. 1999). In order for a prisoner to avail himself of the § 2241 remedy under Wofford, all three criteria must be satisfied. All three criteria will be met only in the narrowest of circumstances. Id. The savings clause does not apply merely because a § 2255 motion would be barred as second or successive. Id. at 1245. We have held that the constitutional rule

3

announced in Blakely and Booker "falls squarely under the category of new rules of criminal procedure that do not apply retroactively to § 2255 cases on collateral review." Varela v. United States, 400 F.3d 864, 868 (11th Cir. 2005), cert. denied, ___ S.Ct. ___ (Oct. 3, 2005).

Elias-Jimenez is precluded from seeking relief under § 2241 because § 2255's savings clause does not apply. Elias-Jimenez cannot meet the initial prong of the test in Wofford because her claim is based on Supreme Court decisions which we have held are not retroactively applicable on collateral review. We reject Elias-Jimenez's contention that § 2255's savings clause applies because her petition is based on a new constitutional rule recognized by the Supreme Court within the preceding year. The case she relies on has no bearing on § 2255's savings clause and addresses only the timeliness of an initial § 2255 motion. See Dodd v. United States, ___ U.S. ___, 125 S.Ct. 2478, 162 L.Ed.2d 343 (2005). Likewise, the other arguments Elias-Jimenez presents on appeal do not demonstrate that she has the right to proceed with her petition, because it is not covered by § 2255's savings clause. After careful review of the record and the briefs of both parties, we discern no reversible error.

**AFFIRMED.**