Justice O’Connor
delivered the opinion of the Court.
Title 28 U. S. C. § 2255 establishes a “1-year period of limitation” within which a federal prisoner may file a motion to vacate, set aside, or correct his sentence under that section. That period runs from “the latest” of a number of events, which are enumerated in subparagraphs (1) through (4) of ¶ 6 of that section. This case involves subparagraph (3), which provides that the limitation period begins to run on “the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review.” We must decide whether the date from which the limitation period begins to run under ¶ 6(3) is the date on which this Court “initially recog *355 nized” the right asserted in an applicant’s §2255 motion, or whether, instead, it is the date on which the right is “made retroactiv[e].”
I
Petitioner Michael Donald Dodd was indicted on June 25, 1993, for knowingly and intentionally engaging in a continuing criminal enterprise in violation of 21 U. S. C. §§841 and 846, conspiring to possess with intent to distribute marijuana in violation of § 841(a)(1), conspiring to possess with intent to distribute cocaine in violation of § 841(a)(1), and 16 counts of using and possessing a passport obtained by false statement in violation of 18 U. S. C. § 1546(a). He was convicted of all counts exeept the cocaine charge, and was sentenced to 360 months’ imprisonment followed by five years of supervised release. The Court of Appeals for the Eleventh Circuit affirmed on May 7, 1997. 111 F. 3d 867 (per curiam). Because Dodd did not file a petition for certiorari, his conviction became final on August 6, 1997. See Clay v. United States, 537 U. S. 522, 525 (2003).
On April 4, 2001, more than three years after his conviction became final, Dodd filed a pro se motion under 28 U. S. C. § 2255 seeking to set aside his conviction for knowingly and intentionally engaging in a continuing criminal enterprise, based on our decision in Richardson v. United States, 526 U. S. 813 (1999). Richardson held that a jury must agree unanimously that a defendant is guilty of each of the specific violations that together constitute the continuing criminal enterprise. Id., at 815. Dodd argued, among other things, that he was entitled to relief because his jury had not been instructed that they had to agree unanimously on each predicate violation. App. 9. The District Court dismissed Dodd’s §2255 motion as time barred. Id., at 11-15. Because Richardson had been decided more than one year before Dodd filed his motion, the court held that the motion was untimely; it also rejected Dodd’s request for equitable tolling. App. 13-15.
*356 Dodd appealed, arguing that the limitation period in § 2255, ¶ 6(3), did not begin to run until April 19, 2002, when the Court of Appeals for the Eleventh Circuit held in Ross v. United States, 289 F. 3d 677 (per curiam), that the right recognized in Richardson applies retroactively to cases on collateral review. The Eleventh Circuit held that the limitation period began to run on “the date the Supreme Court initially recognizes the right” — the date Richardson was decided — and accordingly affirmed the dismissal of Dodd’s motion as time barred. 365 F. 3d 1273, 1283 (2004).
We granted certiorari, 543 U. S. 999 (2004), to resolve a conflict in the Courts of Appeals over when the limitation period in ¶ 6(3) begins to run. Compare, e. g., 365 F. 3d, at 1283 (case below) (period runs from date of Supreme Court decision initially recognizing right asserted); and United States v. Lopez, 248 F. 3d 427, 432-433 (CA5 2001) (same), with Pryor v. United States, 278 F. 3d 612, 616 (CA6 2002) (period does not begin to run until right has been held retroactively applicable to cases on collateral review); and United States v. Valdez, 195 F. 3d 544, 547-548 (CA9 1999) (same).
r — 4 H — <
Section 2255, ¶ 6, provides:
“A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of—
“(1) the date on which the judgment of conviction becomes final;
“(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
“(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been *357 newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
“(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.”
In most cases, the operative date from which the limitation period is measured will be the one identified in ¶ 6(1): “the date on which the judgment of conviction becomes final.” Ibid.; see also Clay, supra, at 524. But later filings are permitted where subparagraphs (2M4) apply. This case involves ¶ 6(3), which gives § 2255 applicants one year from “the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review.” Dodd contends that under subparagraph (3), the limitation period runs from the date on which the right asserted was made retroactively applicable. The United States, on the other hand, argues that it runs from the date on which this Court initially recognized the right asserted.
We believe that the text of ¶ 6(3) settles this dispute. It unequivocally identifies one, and only one, date from which the 1-year limitation period is measured: “the date on which the right asserted was initially recognized by the Supreme Court.” We “must presume that [the] legislature says in a statute what it means and means in a statute what it says there.” Connecticut Nat. Bank v. Germain, 503 U. S. 249, 253-254 (1992). What Congress has said in ¶ 6(3) is clear: An applicant has one year from the date on which the right he asserts was initially recognized by this Court.
Dodd urges us to adopt a different interpretation. He contends that the second clause in ¶ 6(3) affects the applicable date under that provision. He reads ¶ 6(3) as containing “three distinct prerequisites” that “must be satisfied before the limitation period begins.” Brief for Petitioner 8. Those three prerequisites are: (1) the right asserted by the *358 applicant “was initially recognized” by this Court; (2) this Court “newly recognized” the right; and (3) a court must have “made” the right “retroactively applicable to cases on collateral review.” Id., at 13-14 (internal quotation marks omitted). Because the Court of Appeals for the Eleventh Circuit did not hold the right recognized in Richardson v. United States, 526 U. S. 813 (1999), retroactively applicable until April 19, 2002, when it decided Ross, 289 F. 3d 677, Dodd contends that he had until April 19, 2003 — one year from the date when all three prerequisites were satisfied— to file his § 2255 motion.
Dodd’s interpretation does not square with the only natural reading of the text. Paragraph 6(3) identifies one date and one date only as the date from which the 1-year limitation period runs: “the date on which the right asserted was initially recognized by the Supreme Court.” Dodd’s reliance on the second clause to identify the operative date is misplaced. That clause — “if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review” — imposes a condition on the applicability of this subsection. See Webster’s Third New International Dictionary 1124 (1993) (the definition of “if” is “in the event that” or “on condition that”). It therefore limits ¶6(3)’3 application to cases in which applicants are seeking to assert rights “newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review.” §2255, ¶6(3). That means that ¶ 6(3)’s date — “the date on which the right asserted was initially recognized by the Supreme Court” — does not apply at all if the conditions in the second clause — the right “has been newly recognized by the Supreme Court and made retroactively applicable to eases on collateral review” — have not been satisfied. As long as the conditions in the second clause are satisfied so that ¶ 6(3) applies in the first place, that clause has no impact whatsoever on the date from which the 1-year limitation period in ¶ 6(3) begins to run. Thus, if this Court decides a case recognizing a new right, a federal prisoner *359 seeking to assert that right will have one year from this Court’s decision within which to file his §2255 motion. He may take advantage of the date in the first clause of ¶ 6(3) only if the conditions in the second clause are met.
We recognize that the statute of limitations in ¶ 6(3) makes it difficult for applicants filing second or successive §2255 motions to obtain relief. The limitation period in ¶ 6(3) applies to “all motions” under §2255, initial motions as well as second or successive ones. Section 2255, ¶ 8(2), narrowly restricts an applicant’s ability to file a second or successive motion. An applicant may file a second or successive motion only in limited circumstances, such as where he seeks to take advantage of “a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.” §2255, ¶8(2). Dodd points out that this Court rarely decides that a new rule is retroactively applicable within one year of initially recognizing that right. Thus, because of the interplay between ¶¶8(2) and 6(3), an applicant who files a second or successive motion seeking to take advantage of a new rule of constitutional law will be time barred except in the rare case in which this Court announces a new rule of constitutional law and makes it retroactive within one year.
Although we recognize the potential for harsh results in some cases, we are not free to rewrite the statute that Congress has enacted. “[W]hen the statute’s language is plain, the sole function of the courts — at least where the disposition required by the text is not absurd — is to enforce it according to its terms.” Hartford Underwriters Ins. Co. v. Union Planters Bank, N. A., 530 U. S. 1, 6 (2000) (internal quotation marks omitted). See also Tyler v. Cain, 533 U. S. 656, 663, n. 5 (2001) (“[E]ven if we disagreed with the legislative decision to establish stringent procedural requirements for retroactive application of new rules, we do not have license to question the decision on policy grounds”). The disposition required by the text here, though strict, is not absurd. It is for Congress, not this Court, to amend the statute if it *360 believes that the interplay of ¶ ¶ 8(2) and 6(3) of §2255 unduly restricts federal prisoners’ ability to file second or successive motions.
Justice Stevens would hold, contrary to the plain text, that the limitation period in ¶ 6(3) begins to run when the right asserted is made retroactive, see post, at 369 (dissenting opinion), because he assumes that “the most natural reading of the statutory text would make it possible for the limitations period to expire before the cause of action accrues,” post, at 361. Justice Stevens analogizes this case to Graham County Soil & Water Conservation Dist. v. United States ex rel. Wilson, post, p. 409, see post this page and 361 (dissenting opinion), but Graham County is distinguishable. The text of the statute at issue in Graham County is ambiguous, justifying the Court’s partial reliance on “the ‘standard rule that the limitations period commences when the plaintiff has a complete and present cause of action.’” See Graham County, post, at 415-418, 419, n. 2. Here, there is no such ambiguity; ¶ 6(3) clearly specifies the date on which the limitation period begins to run.
h=H
Dodd s § 2255 motion sought to benefit from our holding in Richardson, supra, which was decided on June 1, 1999. Thus, he had one year from that date within which to file his motion. Because he did not file his motion until April 4, 2001, the motion was untimely. We therefore affirm the judgment of the Court of Appeals for the Eleventh Circuit.

It is so ordered.