**F I L E D**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff-Appellee, | No. 06-2127 |
| v. | (D. of N.M.) |
| SAMUEL J. SINGLETON, | (D.C. No. CR-96-411-BB) |
| Defendant-Appellant. | |

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

Before **HENRY**, **TYMKOVICH**, and **HOLMES**, Circuit Judges.[**]

Samuel Singleton, a federal prisoner appearing pro se, was sentenced in 1998 to 241 months in prison after pleading guilty to drug conspiracy. He now seeks a certificate of appealability (COA) to challenge the district court's dismissal of his "Motion to Preserve Apprendi/Blakely/Booker Issues If Ever Made Retroactive." In light of this circuit's policy of construing a pro se party's

---

[*] This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[**] After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. *See* Fed. R. App. P. 34(a); 10th Cir. R. 34.1(G). The cause is therefore ordered submitted without oral argument.

pleadings liberally, *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991), we will treat Singleton's present motion as a petition for a writ of habeas corpus under 28 U.S.C. § 2255.

To appeal the district court's denial of his motion, Singleton must obtain a COA by making "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). He may make this showing by demonstrating that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Miller-El v. Cockrell*, 537 U.S. 322, 338 (2003). Because we find that Singleton has not made such a showing, we deny his request for a COA and dismiss the appeal.

Singleton in essence argues that his sentence is illegal under *United States v. Booker*, 543 U.S. 220 (2005), and *Blakely v. Washington*, 542 U.S. 296 (2004).[1] He acknowledges that these decisions do not apply retroactively to his case. *See United States v. Bellamy*, 411 F.3d 1182, 1188 (10th Cir. 2005); *United States v. Price*, 400 F.3d 844, 849 (10th Cir. 2005). Nevertheless, Singleton wants to preserve his arguments for review if these decisions "are ever made retroactive" to sentences imposed before they were issued. R. Vol. I, Doc. 1826 at 2. The retroactivity of *Booker* and *Blakely* is not debatable among reasonable jurists

---

[1] Singleton also appears to raise in this appeal allegations concerning a search of his jail cell in May 1997. Singleton did not address these issues in his motion before the district court, and we do not consider on appeal an issue not considered below. *Anderson v. Blake*, 469 F.3d 910, 918 (10th Cir. 2006).

because our precedent is plainly that they are not. *See Bellamy*, 411 F.3d at 1187–88 & n.1; *Price*, 400 F.3d at 849. Therefore Singleton's arguments cannot support a COA.

We also note that Singleton's motion is untimely. Under 28 U.S.C. § 2255, a federal prisoner has one year from the latest of four dates to file a motion attacking his sentence. Two of these dates are potentially relevant to Singleton: (1) the date on which Singleton's conviction became final, and (2) the date on which the Supreme Court announced a newly recognized right, if that right has been made retroactively applicable to cases on collateral review. 28 U.S.C. § 2255.

Singleton's conviction became final on October 30, 2000, the date the Supreme Court denied certiorari on his direct appeal. *Hernandez v. United States*, 531 U.S. 972 (2000) (denying certiorari for Singleton and nine co-defendants). *See Clay v. United States*, 537 U.S. 522, 524–25 (discussing when a conviction becomes final). Singleton filed his current motion in district court on January 9, 2006. Because more than one year had passed, Singleton is foreclosed from attacking his sentence based on his conviction date.

Singleton seems to argue that the relevant date to begin tolling the statute of limitations for his motion is January 12, 2005, the date the Supreme Court issued *Booker*. However, 28 U.S.C. § 2255 expressly provides that a new one-year period in which to collaterally attack a sentence is available based on a

newly-issued Supreme Court decision only if that decision has been applied retroactively.[2] Again, it is well-settled that *Booker* has no retroactive application. *Bellamy*, 411 F.3d at 1186. Therefore the date of the *Booker* decision does not apply to Singleton's motion.

For the reasons stated, we DENY the application for COA and DISMISS the appeal.

Entered for the Court

Timothy M. Tymkovich
Circuit Judge

---

[2] The Supreme Court issued *Blakely v. Washington* on June 24, 2004. Accordingly, even if *Blakely* were retroactively applied, Singleton's motion would be untimely because it was filed more that one year after that date. *See Dodd v. United States*, 545 U.S. 353, 357 (2005).