FILED
United States Court of Appeals
Tenth Circuit

December 11, 2008

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

---

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

SEVERETT ORVAL CHEEK,

Defendant - Appellant.

No. 08-5066
(D.C. Nos. 05-CV-584-K;
00-CR-157-K)
(N.D. Okla.)

---

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

---

Before **LUCERO**, **TYMKOVICH**, and **HOLMES**, Circuit Judges.

---

Defendant Severett Orval Cheek, a federal prisoner appearing pro se,[1] seeks

---

[*] This Order is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1. After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this matter. *See* Fed. R. App. P. 34(a). The case is therefore ordered submitted without oral argument.

[1] Because Mr. Cheek is proceeding pro se, we review his pleadings and filings liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Howard v. U.S. Bureau of Prisons*, 487 F.3d 808, 815 (10th Cir. 2007).

a certificate of appealability (COA) that would allow him to appeal from the district court's dismissal of his motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence. *See* 28 U.S.C. § 2253(c)(1)(B). We will issue a COA only if Mr. Cheek makes "a substantial showing of the denial of a constitutional right." *Id.* § 2253(c)(2). To make this showing, he must establish "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotation marks omitted).

Because the district court rejected the § 2255 motion on procedural grounds, Mr. Cheek must demonstrate both "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.* "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Id.*

As outlined by the district court, Mr. Cheek's conviction became final on March 4, 2002; he did not file his § 2255 motion until October 11, 2005. Accordingly, the district court determined that his motion was time-barred under the statutory provision now designated as 28 U.S.C. § 2255(f)(1). A one-year

statute of limitations generally applies to § 2255 motions:

> The limitation period shall run from the latest of--
> (1) the date on which the judgment of conviction becomes final; [or]
>    . . . .
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review[.]

28 U.S.C. § 2255(f).

Mr. Cheek argues that his motion is timely under § 2255(f)(3) because it was filed within one year of the Supreme Court's decision in *United States v. Booker*, 543 U.S. 220 (2005). Mr. Cheek's citation to *Dodd v. United States*, 545 U.S. 353 (2005), is not on point. In *Dodd*, the Supreme Court explained that while the § 2255(f)(3) one-year limitation period does begin to run on the date that the right asserted was initially recognized by the Supreme Court, a federal prisoner may take advantage of that date only if the asserted right also has been made retroactively available to cases on collateral review. *Id.* at 358-59. As the district court correctly observed, neither the Supreme Court nor this Circuit has made *Booker* retroactively applicable to cases on collateral review. Thus, *Booker* does not serve as a basis for tolling or restarting Mr. Cheek's statute of limitations. *See United States v. Bellamy*, 411 F.3d 1182, 1184, 1186-88 (10th Cir. 2005) ("*Booker* does not apply retroactively to criminal cases that became final before its effective date of January 12, 2005.").

The district court's dismissal of Mr. Cheek's § 2255 motion as time-barred is not reasonably debatable. For substantially the same reasons provided by the district

-3-

court, we accordingly **DENY** Mr. Cheek's request for a COA and **DISMISS** his appeal.

Entered for the Court

Jerome A. Holmes
Circuit Judge