[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 08-17096
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
OCTOBER 28, 2009
THOMAS K. KAHN
CLERK

D. C. Docket No. 85-00382-CR-WJZ

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ALBERTO A. ROSALES, SR.,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(October 28, 2009)

Before BLACK, CARNES and WILSON, Circuit Judges.

PER CURIAM:

Alberto A. Rosales appeals the district court's dismissal of his Federal Rule of Criminal Procedure 35(a) motion to correct illegal sentence. Rosales asserts the district court erred by relying on Supreme Court precedent dealing exclusively with 28 U.S.C. § 2255 motions. After review, we affirm the district court.

In October 2001, Rosales filed a *pro se* 28 U.S.C. § 2255 motion to vacate his 1987 conviction for, *inter alia*, engaging in a continuing criminal enterprise from January 1982 through May 13, 1985, in violation of 21 U.S.C. § 848. Finding that Rosales's conviction became final in 1994, after the Supreme Court denied certiorari, the district court dismissed Rosales's § 2255 motion as time-barred. In 2008, Rosales filed his current Rule 35 motion, in which he argued the district court should vacate his sentence based upon the Supreme Court's holding in *Richardson v. United States*, 119 S. Ct. 1707 (1999), that a jury had to agree unanimously about which specific violations make up the continuing series of violations of a continuing criminal enterprise offense. Rosales maintained the lack of a unanimity instruction prejudicially affected his Fifth and Sixth Amendment rights. Finding the Supreme Court had conclusively determined the grounds of Rosales's motion in

*Dodd v. United States*, 125 S. Ct. 2478, 2481-83 (2005),[1] the district court denied

Rosales's motion.

In the context of a motion to vacate, we review the district court's factual

findings for clear error and the legal findings *de novo*. *Castillo v. United States*,

200 F.3d 735, 736 (11th Cir. 2000). "The question whether the district court had

the authority to resentence the defendant under former Fed. R. Crim. P. 35(a) and

28 U.S.C. § 2255 is a legal question subject to plenary review." *United States v.*

*Sjeklocha*, 114 F.3d 1085, 1087 (11th Cir. 1997).

Former Rule 35(a) provided, in relevant part, that "[t]he court may correct an

illegal sentence at any time." Fed. R. Crim. P. 35(a) (1987). "[T]he narrow

function of Rule 35 is to permit correction at any time of an illegal sentence, not to

re-examine errors occurring at the trial or other proceedings prior to the imposition

of sentence." *Hill v. United States*, 82 S. Ct. 468, 472 (1962).

The district court did not err in denying Rosales's motion. First, because

Rosales challenged his conviction and not the legality of his sentence, Rule 35 did

not provide Rosales any relief, and the district court did not err in construing

Rosales's Rule 35 motion as a § 2255 habeas petition. *See United States v. Jordan*,

---

[1] In *Dodd*, the Supreme Court held § 2255 "narrowly restricts an applicant's ability to file a second or successive motion. An applicant may file a second or successive motion only in limited circumstances, such as where he seeks to take advantage of a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." *Dodd*, 125 S. Ct. at 2483 (internal quotations omitted).

915 F.2d 622, 624-25 (11th Cir. 1990) (stating courts "have an obligation to look behind the label of a motion filed by a *pro se* inmate and determine whether the motion is, in effect, cognizable under a different remedial statutory framework," and "claims presented under the previous version of Rule 35(a) are also frequently cognizable under 28 U.S.C. § 2255 as well"). Second, because Rosales had filed a previous § 2255 motion which was denied, his failure to move this Court for an order authorizing the district court to consider a second or successive § 2255 motion deprived the district court of jurisdiction to consider his motion. *See United States v. Holt*, 417 F.3d 1172, 1175 (11th Cir. 2005) (explaining AEDPA requires a petitioner to first obtain an order from the court of appeals authorizing the district court to consider a second or successive motion or petition, and that "[w]ithout authorization, the district court lacks jurisdiction to consider a second or successive petition."). Thus, the district court did not err in denying Rosales's motion because it lacked jurisdiction to consider it. Accordingly, we affirm.

**AFFIRMED.**