**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 14-6256**

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

  v.

HOPETON FRANK GOODEN, a/k/a Richard Doleson, a/k/a Michael
Frank Burke,

    Defendant - Appellant.

On Remand from the Supreme Court of the United States.
(S. Ct. No. 14-7975)

Submitted: April 29, 2016    Decided: May 5, 2016

Before WILKINSON, KING, and SHEDD, Circuit Judges.

Dismissed by unpublished per curiam opinion.

Hopeton Frank Gooden, Appellant Pro Se.  Jennifer P. May-Parker,
Assistant United States Attorney, Raleigh, North Carolina, for
Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Hopeton Frank Gooden seeks to appeal the district court's orders denying relief on his 28 U.S.C. § 2255 (2012) and Fed. R. Civ. P. 59(e) motions. We previously denied a certificate of appealability and dismissed this appeal. United States v. Gooden, 576 F. App'x 252 (4th Cir. 2014). The Supreme Court granted Gooden's petition for a writ of certiorari, vacated our judgment, and remanded for us to reconsider the case in light of Johnson v. United States, 135 S. Ct. 2551, 2555-56, 2561-63 (2015) (holding that residual clause definition of violent felony in Armed Career Criminal Act (ACCA) is unconstitutionally vague).

The district court's dismissal and Rule 59(e) orders are not appealable unless a circuit justice or judge issues a certificate of appealability. 28 U.S.C. § 2253(c)(1)(B) (2012). A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (2012). When the district court denies relief on the merits, a prisoner satisfies this standard by demonstrating that reasonable jurists would find that the district court's assessment of the constitutional claims is debatable or wrong. Slack v. McDaniel, 529 U.S. 473, 484 (2000); see Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003). When the district court denies relief on procedural grounds, the

2

prisoner must demonstrate both that the dispositive procedural ruling is debatable and that the motion states a debatable claim of the denial of a constitutional right. Slack, 529 U.S. at 484-85.

The district court referred this case to a magistrate judge pursuant to 28 U.S.C. § 636(b)(1)(B) (2012). The magistrate judge recommended that relief be denied and advised Gooden that the failure to file timely, specific objections to this recommendation could waive appellate review of a district court order based upon the recommendation. The timely filing of specific objections to a magistrate judge's recommendation is necessary to preserve appellate review of the substance of that recommendation when the parties have been warned of the consequences of noncompliance. Wright v. Collins, 766 F.2d 841, 845-46 (4th Cir. 1985); see also Thomas v. Arn, 474 U.S. 140 (1985).

Gooden's objections to the magistrate judge's recommendation did not challenge the merits of the ACCA enhancement but, instead, argued that trial and appellate counsel were ineffective by allegedly failing to adequately contest that enhancement. Accordingly, we conclude that Gooden has waived appellate review of any challenge to the application

3

of the ACCA enhancement by failing to file specific objections on this issue after receiving proper notice.[1]

With regard to Gooden's remaining claims, we have independently reviewed the record and conclude that Gooden has not made the requisite showing to obtain a certificate of appealability.[2]  Accordingly, we deny Gooden's motion for appointment of counsel, deny a certificate of appealability, and dismiss the appeal.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

DISMISSED

---

[1]  To the extent that Gooden wishes to contest the application of the ACCA enhancement under Johnson, then he must obtain authorization under 28 U.S.C. §§ 2244(b), 2255(h) (2012) to file a second or successive § 2255 motion and, if authorization is granted, file a successive § 2255 motion no later than June 26, 2015.  Dodd v. United States, 545 U.S. 353, 357 (2005).

[2]  In so holding, we note that Johnson does not affect Gooden's claims that trial and appellate counsel failed to adequately challenge his ACCA enhancement.  See United States v. Dyess, 730 F.3d 354, 363 (4th Cir. 2013) ("[A]n attorney's failure to anticipate a new rule of law [i]s not constitutionally deficient." (internal quotation marks omitted)).