**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| BRIAN LY,<br><br>Petitioner,<br><br>v.<br><br>JEFFREY BEARD,<br><br>Respondent. | No. 15-70939<br><br>D.C. No. D.C. No. 8:13-cv-00819-JFW-AJW<br><br>MEMORANDUM[*] |

Application for Authorization to File
a Second or Successive 28 U.S.C. § 2254
Habeas Corpus Petition

Submitted on June 8, 2016.[**]
Pasadena, California

Before: REINHARDT and WARDLAW, Circuit Judges, and BENNETT,[***] Senior

District Judge.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]    The Honorable Mark W. Bennett, Senior District Judge for the U.S. District Court for the Northern District of Iowa, sitting by designation.

Brian Ly was convicted in California state court of conspiracy to commit robbery, attempted second-degree robbery, assault with a semiautomatic firearm, and street terrorism in February 2011. In May 2013, Ly filed a petition for habeas corpus relief pursuant to 28 U.S.C. § 2254 in California federal district court, which was denied. Section 2244(b)(3)(A) requires a habeas applicant to "move in the appropriate court of appeals for an order authorizing the district court to consider" a "second or successive application." On March 26, 2015, Ly requested this Court grant him authorization to file a second or successive petition because, he alleges, the Supreme Court announced a new rule in *Riley v. California*, 134 S. Ct. 2473 (2014), which the Court made retroactive to cases on collateral review. Even if the Supreme Court did announce a "new rule" in *Riley*, the Court has not expressly made application of the rule retroactive within one year of deciding *Riley*, nor is retroactivity necessarily dictated by the Court's previous decisions. Therefore, Ly's application for authorization to file a second or successive habeas corpus petition, based on the rule announced in *Riley*, is time barred, and the application to file a second or successive motion under § 2254 is denied.

1. We may authorize the filing of a second or successive motion under § 2254 if, among other things, the application makes a prima facie showing that the motion would "rel[y] on a new rule of constitutional law, made retroactive to cases

2

on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2244(b)(2)(A); *see also Gonzales v. Crosby*, 545 U.S. 524, 531 – 32 (2005).

**2.** In *Teague v. Lane*, 489 U.S. 288 (1989), the Supreme Court held that "new constitutional rules of criminal procedure will not be applicable to those cases which have become final before the new rules are announced." *Id*. at 310. *Teague* provided for exceptions to the general rule in two situations: (1) if the new rule places "certain kinds of primary, private individual conduct beyond the power of the criminal law-making authority to proscribe" or (2) if the new rule "alter[s] our understanding of the bedrock procedural elements that must be found to vitiate the fairness of a particular conviction." *Id*. at 311 (citations and emphasis omitted); *see also Welch v. United States*, 136 S. Ct. 1257, 1276 (2016). Analyzing the exception in § 2244(b)(2), the Supreme Court noted:

> This provision establishes three prerequisites to obtaining relief in a second or successive petition: First, the rule on which the claim relies must be a "new rule" of constitutional law; second, the rule must have been "made retroactive to cases on collateral review by the Supreme Court"; and third, the claim must have been "previously unavailable." . . . Quite significantly, under this provision, the Supreme Court is the only entity that can "ma[k]e" a new rule retroactive. The new rule becomes retroactive, not by the decisions of the lower court or by the combined action of the Supreme Court and the lower courts, but simply by the action of the Supreme Court.

The only way the Supreme Court can, by itself, "lay out and construct" a rule's retroactive effect, or "cause" that effect "to exist, occur, or appear," is through a holding. The Supreme Court does not "ma[k]e" a rule retroactive when it merely establishes principles of retroactivity and leaves the application of those principles to lower courts. In such an event, any legal conclusion is derived from the principles is developed by the lower court (or perhaps by a combination of courts), not by the Supreme Court. We thus conclude that a new rule is not "made retroactive to cases on collateral review" unless the Supreme Court holds it to be retroactive.

*Tyler v. Cain*, 533 U.S. 656, 662 – 63 (2001); *see also Jones v. Ryan*, 733 F.3d 825, 842 – 43 (9th Cir. 2013).

A one-year time period for filing a habeas petition begins to run on the "date on which the constitutional right asserted was initially recognized by the Supreme Court." 28 U.S.C. § 2244(d)(1)(C). In *Dodd v. United States*, 545 U.S. 353, 359 (2005), the Court noted that "an applicant who files a second or successive [habeas] motion seeking to take advantage of a new rule of constitutional law will be time barred except in the rare case in which this Court announces a new rule of constitutional law and makes it retroactive within one year." *Id*. This "make[s] it possible for the limitations period to expire before the cause of action accrues." *Id*. (quoting *id.* at 361 (Stevens, J., dissenting)).

3.      Because Ly's successive § 2254 petition does not fall within the "rare case" exception articulated in *Dodd*, Ly's application for authorization to file a

4

second or successive habeas corpus petition, based on the *Riley* rule, is time barred.

The application to file a second or successive motion under § 2254 is

**DENIED.**