**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**June 28, 2016**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
————————————————————

UNITED STATES OF AMERICA,

     Plaintiff-Appellee,

v.

BILLY ROSS MOUDY,

     Defendant-Appellant.

No. 16-7004
(D.C. No. 6:15-CV-00270-FHS &
No. 6:96-CR-00019-FHS-1)
(E.D. Okla.)

————————————————————

**ORDER AND JUDGMENT**[*]
————————————————————

Before **LUCERO**, **MATHESON**, and **BACHARACH**, Circuit Judges.
————————————————————

Mr. Billy Ray Moudy moved for relief under 28 U.S.C. § 2255 based on constitutional rights newly recognized by the U.S. Supreme Court. When the district court ruled, the U.S. Supreme Court had not yet deemed the asserted constitutional right retroactive to cases on collateral review. As a result, the district court dismissed the § 2255 motion based

---

[*]    Oral argument would not materially aid our consideration of the appeal. *See* Fed. R. App. P. 34(a)(2)(C); 10th Cir. R. 34.1(G). Thus, we have decided the appeal based on the briefs.

    Our order and judgment does not constitute binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. *See* Fed. R. App. P. 32.1(a); 10th Cir. R. 32.1(A).

on timeliness. During the pendency of the appeal, however, the U.S. Supreme Court expressly held that the newly recognized constitutional right is retroactively applicable to cases on collateral review. As a result, the government acknowledges that the matter should be remanded to the U.S. District Court for consideration of the merits. We agree.

\* \* \*

In considering whether the district court erred on timeliness, we engage in de novo review. *United States v. Denny*, 694 F.3d 1185, 1189 (10th Cir. 2012).

In 1996, Mr. Moudy was convicted on federal charges involving possession of a firearm after a felony conviction, burglary of a U.S. Post Office, robbery, and use of a firearm during a crime of violence. In imposing the sentence, the district court concluded that Mr. Moudy was subject to a mandatory minimum sentence of fifteen years based on his status as an armed career criminal. After unsuccessfully appealing the conviction, Mr. Moudy sought relief under 28 U.S.C. § 2255, claiming in part that the pertinent statutory and guideline provisions were void because of their vagueness.

For this claim, Mr. Moudy relied on a new constitutional holding by the U.S. Supreme Court in *Johnson v. United States*, __ U.S. __, 135 S. Ct. 2551, 2557-58 (2015). After the district court ruled, the U.S.

Supreme Court held that this new constitutional holding was retroactive to cases pending on collateral review. *Welch v. United States*, _ U.S. _, 136 S. Ct. 1257 (2016).

A one-year limitations period ordinarily exists, and the conviction at issue took place roughly twenty years ago. *See* 28 U.S.C. § 2255(f)(3). But the limitations period contains an exception for claims involving rights that the U.S. Supreme Court has "newly recognized" and "made retroactively applicable to cases on collateral review." *Id.*

Under this exception, the one-year period begins to run from the date that the U.S. Supreme Court recognized the constitutional right being asserted. *See Dodd v. United States*, 545 U.S. 353, 359-60 (2005). The U.S. Supreme Court recognized the underlying constitutional right on June 26, 2015, when the Court issued *Johnson v. United States*. Mr. Moudy filed the § 2255 motion within three weeks of the Supreme Court's issuance of *Johnson*. Thus, as the government acknowledges, the appeal is timely and the action should be remanded for consideration of the merits.

Reversed and remanded for consideration of the merits.


Entered for the Court


Robert E. Bacharach
Circuit Judge