ED CARNES, Chief Judge,
concurring:
I join in full the opinion of the Court and write separately only to emphasize a point that it makes in passing.
Judge Rosenbaum’s dissenting opinion says, in effect, that there should be another exception' to the bar on second and successive § 2255 motions to permit claims based on a new decision about the scope of a criminal statute that the Supreme Court has made retroactively applicable to cases on first collateral review. But Congress has not said that. The place to have said it, of course, would have been in § 2255(h), which contains the two exceptions to the bar on second and successive motions. Congress could have simply added a third exception to the list so that subsection (h) would have read:
A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain—
(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
(2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable, or
(3)a new rule of statutory law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.
Simple as that would have been, Congress did not do it. Instead, it limited the exceptions to two.
The dissenting opinion would have us “improve” the statute by writing in the exception that it favors, but we cannot do that. As the Supreme Court has instructed us: “It is for Congress, not this Court, to amend the statute if it believes that the interplay of [some provisions] of § 2255 unduly restricts federal prisoners’ ability to file second or successive motions.” Dodd v. United States, 545 U.S. 353, 359-60, 125 S.Ct. 2478, 2483, 162 L.Ed.2d 343 (2005).
There is more at stake here than an issue of statutory interpretation. The question is one of the proper role of the judiciary. As we have explained, “Our oft-stated rule against judicial revision of statutes finds plenty of anchor weight in the bedrock principle that we are a country of laws, not one ruled by the musings, whether pragmatic or otherwise, of the black-robed class.” T-Mobile S., LLC v. City of Milton, Ga., 728 F.3d 1274, 1285 (11th Cir. 2013); see also id. at 1284 (“We are interpreting a statute, not designing one. Although we, like most judges, have enough ego to believe that we could improve a good many statutes if given the chance, statutory construction does not give us that chance if we are true to the judicial function. Our duty is to say what statutory language means, not what it should mean, and not what it would mean if we had drafted it.”); Friends of the Everglades v. S. Fla. Water Mgmt. Dist., 570 F.3d 1210, 1224 (11th Cir. 2009) (“[W]e are not allowed to add or subtract words from a statute; we cannot rewrite it.”); Wright v. *1101 Sec’y for Dep’t of Corr., 278 F.3d 1245, 1255 (11th Cir. 2002) (“Our function is to apply statutes, to carry out the expression of the legislative will that is embodied in them, not to ‘improve’ statutes by altering them.”); Harris v. Garner, 216 F.3d 970, 976 (11th Cir. 2000) (en banc) (“We will not do to the statutory language what Congress did not do with it, because the role of the judicial branch is to apply statutory language, not to rewrite it.”).
The dissent invokes the- separation of powers, but that constitutional doctrine is best served by respecting the fundamental principle that it is the role of Congress, not the Courts, to decide what the statutory law is to be, and Congress has done that in § 2255(h). We honor the separation of powers doctrine when we resist the temptation, irresistible as it may seem, to judicially revise statutes to suit our sense of sound policy.
The dissenting opinion repeatedly protests -that it is not an example of “judicial activism,” using that phrase more than a dozen times to answer an unstated charge. And with painful accuracy, that opinion charges me with being among the judges who have attempted to improve the saving clause of § 2255(e) by interpretation. See Rosenbaum Dissent at 1157. Mea culpa. As the author of the Wofford opinion and its dicta, I am the one who laid out the seedbed from which the weeds have grown around this issue in our circuit. Having to watch for the past 17 years as my woefully wrong Wofford opinion worked its mischief is the price I have paid for my sin, or at least for that particular one. And no one knows sin like an old sinner.
Which brings to mind the various formulations that other judges have used to admit their mistakes. Nearly everyone’s favorite is Justice Frankfurter’s: ‘Wisdom too often never comes, and so one ought not to reject it merely because it comes late.” Henslee v. Union Planters Nat. Bank & Trust Co., 335 U.S. 595, 600, 69 S.Ct. 290, 293, 93 L.Ed. 259 (1949) (Frankfurter, J., dissenting). But there are other ways of phrasing judicial repentance. See, e.g., Dart Cherokee Basin Operating Co. v. Owens, 574 U.S. -, 135 S.Ct. 547, 561, 190 L.Ed.2d 495 (2014) (Scalia, J., dissenting) (“As for my own culpability in overlooking the issue, I must accept that and will take it with me to the grave.”); Massachusetts v. United States, 333 U.S. 611, 639-40, 68 S.Ct. 747, 763, 92 L.Ed. 968 (1948) (Jackson, J., dissenting) (“I see no reason why I should be consciously wrong today because I was unconsciously wrong yesterday.”). I prefer to put it more colloquially: Wofford was a screw up; To repeat the error by revising that opinion’s revision of the saving clause in another attempt to improve the text of the statute would be another screw up. Once is enough for me.