**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**May 31, 2017**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

MARK A. PRENTICE,

    Defendant - Appellant.

No. 17-6006
(D.C. Nos. 5:15-CV-01330-F and
5:13-CR-00138-F-1)
(W.D. Okla.)

_____

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]
_____

Before **KELLY**, **MURPHY**, and **MATHESON**, Circuit Judges.
_____

Mark A. Prentice, a federal prisoner proceeding pro se,[1] seeks a certificate of appealability ("COA") to challenge the district court's denial of his 28 U.S.C. § 2255 motion to vacate, set aside, or correct his sentence. He also seeks leave to proceed *in forma pauperis*. Exercising jurisdiction under 28 U.S.C. § 1291, we deny both requests and dismiss this matter.

---

[*] This order is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[1] Because Mr. Prentice is proceeding pro se, we construe his pleadings and arguments on appeal liberally. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam); *see also United States v. Pinson*, 584 F.3d 972, 975 (10th Cir. 2009) ("[W]e must construe [a pro se litigant's] arguments liberally; this rule of liberal construction stops, however, at the point at which we begin to serve as his advocate.").

## I.  BACKGROUND

On December 19, 2013, Mr. Prentice pled guilty to federal drug conspiracy and money laundering charges.  On June 18, 2014, the court sentenced Mr. Prentice to 300 months in prison and entered final judgment against him on June 20, 2014.

The next year, on July 6, 2015, Mr. Prentice filed a pro se motion, which he titled a "§ 3582(c)(2) motion,"[2] and which the court re-characterized as a § 2255 motion.  The court gave Mr. Prentice the chance to file his motion using a standardized § 2255 form, but the court warned against Mr. Prentice raising any new claims not originally presented in his July 6 motion.  On December 4, 2015, Mr. Prentice filed the standardized § 2255 form and raised new claims not raised in his July 6 motion.  Mr. Prenctice filed two supplements to his motions on October 6 and November 3, 2016.  In his two motions, Mr. Prentice raised 11 claims, including claims based on ineffective assistance of counsel and lack of subject matter jurisdiction.

The court denied Mr. Prentice's subject matter jurisdiction claim, and it denied the remaining claims as time-barred.  The court also denied Mr. Prentice a COA to appeal its order.

---

[2] The motion was titled a "Pro Se Motion Asking [the District] Court to Adhere to its Obligation to Satisfy Itself of Art. III Subject Matter Jurisdiction Before it Passes on the Merits of Petitioners § 3582(c)(2) Motion[] as Mandated by Art. III and Hays 515 U.S. at 742 (1995)."  Record on Appeal ("ROA"), Vol. I at 40 (second brackets in original).

Mr. Prentice filed a motion under Federal Rule of Criminal Procedure 59(e) to alter, amend, or reconsider the court's denial of his § 2255 motion, which the court also denied. The court again denied a COA.

On February 13, 2017, Mr. Prentice filed a motion for the court to reconsider its COA denial, which the court similarly denied.

## II. **ANALYSIS**

Mr. Prentice must obtain a COA to appeal the district court's denial of his § 2255 motion. 28 U.S.C. § 2253(c)(1)(B). Where, as here, the district court dismissed the motion on procedural grounds, we will grant a COA only if Mr. Prentice can demonstrate both "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000).

We agree with the district court that Mr. Prentice's appeal does not warrant a COA. On appeal, Mr. Prentice does not challenge the court's ruling that his claims were time-barred. He instead contends the court erred in dismissing his claims because their merits "trump" any issue concerning their timeliness. Aplt. Br. at 3. Specifically, he states: "[A] claim of involuntary servitude trumps the time bar in question and jurisdictional denial of counsel and lack of subject matter jurisdiction claims must be heard." *Id.* He states that a COA is justified "to address whether [his] subjection to involuntary servitude trumps the one year limitation period and/or

whether the . . . one year li[m]itation violates the 13th [A]mendment's prohibition of involuntary servitude." *Id.* at 4.

Mr. Prentice's argument lacks merit. The Supreme Court has held that dismissing a § 2255 motion as time-barred is proper—without assessing the motion's merits. *Cf. Dodd v. United States*, 545 U.S. 353, 359 (2005) (recognizing that the time-bar for § 2255 motions creates "the potential for harsh results in some cases" but declining "to rewrite the statute that Congress has enacted"). He has thus not raised a question over which reasonable jurists could debate.

To the extent he seeks to raise a separate claim under the Thirteenth Amendment, or argue that such a claim would "trump" any time bar under § 2255, we deny a COA because Mr. Prentice failed to raise this as a separate claim in district court. And to the extent Mr. Prentice challenges the district court's subject matter jurisdiction over his criminal case and sentence, his claim lacks merit. 18 U.S.C. § 3231 (providing that federal district courts have jurisdiction for cases involving federal crimes).

## III. **DISPOSITION**

We deny Mr. Prentice's request for a COA and dismiss this matter. We also deny Mr. Prentice's request to proceed *in forma pauperis*.

ENTERED FOR THE COURT,


Scott M. Matheson, Jr.
Circuit Judge

- 4 -