**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**August 8, 2019**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

GLENNEY DALE MADISON,

    Petitioner - Appellant,

v.

JOE ALLBAUGH,

    Respondent - Appellee.

No. 19-7019
(D.C. No. 6:18-CV-00243-RAW-KEW)
(E.D. Okla.)

_____

**ORDER DENYING CERTIFICATE OF APPEALABILITY** *
_____

Before **LUCERO**, **PHILLIPS**, and **EID**, Circuit Judges.
_____

Glenney Madison requests a certificate of appealability ("COA") to appeal the

dismissal of his 28 U.S.C. § 2254 habeas petition. We deny a COA and dismiss the

matter.

**I**

Madison was convicted of murdering two people and sentenced to life in

prison without parole. He unsuccessfully appealed his state court conviction in 1997.

In 2017, Madison filed an application for relief in Oklahoma State Court,

asserting new evidence that was revealed at the clemency hearing of a co-defendant

_____

* This order is not binding precedent, except under the doctrines of law of the
case, res judicata, and collateral estoppel. It may be cited, however, for its
persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

in 2009 demonstrated his innocence. He also claimed that a change in the law made his life sentence unconstitutional. The state court denied relief, and the Oklahoma Court of Criminal Appeals ("OCCA") affirmed.

Madison then filed a § 2254 petition in federal district court in 2018, asserting claims similar to those advanced in state court. The district court dismissed his petition as time-barred and denied a COA. Madison now seeks a COA from this court.

## II

Madison may not appeal the denial of habeas relief under § 2254 without a COA. § 2253(c)(1)(A). This court may issue a COA "only if the applicant has made a substantial showing of the denial of a constitutional right." § 2253(c)(2). Because the district court dismissed Madison's petition on procedural grounds, he must show "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 478 (2000).

Section 2254 petitions generally must be filed within one year from the date on which a conviction becomes final. § 2244(d)(1)(A). Madison's conviction became final on January 27, 1998, when his deadline to file a petition for writ of certiorari with the Supreme Court expired. See Fleming v. Evans, 481 F.3d 1249, 1257-58 (10th Cir. 2007). His petition, filed in July 2018, was untimely under this provision.

Madison contends newly discovered evidence uncovered at his co-defendant's clemency hearing restarted the limitations period from "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." § 2244(d)(1)(D). But the clemency hearing occurred in 2009, and Madison does not argue that the contents of the hearing were not available to him at that time.

Madison also asserts that his petition is timely because the Supreme Court's decisions in Miller v. Alabama, 567 U.S. 460 (2012), and Montgomery v. Louisiana, 136 S. Ct. 718 (2016), announced a new, substantive constitutional rule retroactive on collateral review that prohibits mandatory life sentences without parole for juvenile offenders. But Madison was eighteen at the time of the murders. Moreover, Miller was decided in 2012 and Madison did not file his habeas petition until 2018. Reasonable jurists could not debate that the district court correctly held his petition is untimely. See Dodd v. United States, 545 U.S. 353, 360 (2005) (holding that limitations periods under the Antiterrorism and Effective Death Penalty Act begin on the date the right is recognized, not on the date it is made retroactively applicable).

## III

For the foregoing reasons, we **DENY** Madison's request for a COA and **DISMISS** the matter.

Entered for the Court


Carlos F. Lucero
Circuit Judge