NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 18-1151
_____


In re: DERRICK THOMAS,
                                        Petitioner
_____


On Application for Leave to File a Second or Successive
Habeas Petition pursuant to 28 U.S.C. § 2244(b)
Related to E.D. Pa. No. 2-03-cv-06273
Before the Honorable District Judge James Knoll Gardner
_____


Submitted under Third Circuit LAR 34.1(a)
October 31, 2019

Before:  HARDIMAN, PHIPPS, and NYGAARD, *Circuit Judges*.

(Filed:  November 5, 2019)


_____

OPINION*
_____


---

  * This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7
does not constitute binding precedent.

HARDIMAN, *Circuit Judge*.

Petitioner Derrick Thomas applies for leave to file a second or successive habeas petition under 28 U.S.C. § 2244(b). We will deny his application as untimely.

I

Twenty-six years ago, Thomas was convicted by a jury of first-degree murder and other crimes. Although Thomas committed those crimes when he was 19 years old, the state court found the offenses sufficiently serious to warrant a sentence of life without the possibility of parole. Thomas unsuccessfully sought post-conviction relief six times in state court and once in federal court, *Thomas v. Tennis*, 2009 WL 904682 (E.D. Pa. 2009).

On December 23, 2017, Thomas applied for leave to file a second or successive habeas petition under 28 U.S.C. § 2244(b). Although he was not a minor when he committed the crimes at issue, Thomas nevertheless relied on the Supreme Court's decision in *Miller v. Alabama*, 567 U.S. 460 (2012), which held that mandatory life without parole for those under the age of 18 at the time of their crimes violates the Eighth Amendment. *Id.* at 465.

II

Assuming, without deciding, that the constitutional right initially recognized in *Miller* provides a sufficient basis for Thomas, who was over 18 at the time of his crime,

2

to file a second or successive habeas petition, his petition is untimely. State inmates have one year to apply for a writ of habeas corpus. 28 U.S.C. § 2244(d)(1). As relevant here, that limitation period runs from "the date on which the constitutional right asserted was initially recognized by the Supreme Court." 28 U.S.C. § 2244(d)(1)(C). In *Dodd v. United States*, 545 U.S. 353 (2005), the Supreme Court held that the limitation period runs "from the date on which the right [a petitioner] asserts was initially recognized by this Court"—not the date on which the Court makes the right retroactive. *Id.* at 357.

The Supreme Court decided *Miller* on June 25, 2012, so Thomas's December 23, 2017 application was filed well beyond "the date on which the right [Thomas] asserts was initially recognized by [the] Court." *Dodd*, 545 U.S. at 357. Thomas now claims his application is timely because he filed it within a year of *Montgomery v. Louisiana*, 136 S. Ct. 718, 732 (2016), which he says "clarifi[ed]" *Miller*. But the Supreme Court in *Montgomery* simply made *Miller* retroactive. So even if we were to accept Thomas's proposition that the Supreme Court established "the right for a 19-year-old to escape a mandatory life sentence," that right would derive from *Miller*, which announced a "substantive rule that is retroactive in cases on collateral review." *Montgomery*, 136 S. Ct. at 732. And because 28 U.S.C. § 2244(d)(1)(C) starts the limitation period from "the date on which the constitutional right asserted was *initially* recognized by the Supreme Court," (emphasis added), Thomas's application is untimely. Accordingly, we must deny

3

Thomas's application for leave to file a second or successive habeas petition under 28 U.S.C. § 2244(b).