**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

JOE W. BERRY,

      Petitioner - Appellant,

v.

RICK WHITTEN, Warden,

      Respondent - Appellee.

No. 20-6066
(D.C. No. 5:20-CV-00132-D)
(W.D. Oklahoma)

_____

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]
_____

Before **PHILLIPS**, **MURPHY**, and **McHUGH**, Circuit Judges.
_____

Petitioner Joe W. Berry, a prisoner in Oklahoma state custody, seeks a Certificate

of Appealability ("COA") to challenge the district court's dismissal of his 28 U.S.C.

§ 2254 petition for a writ of habeas corpus. We decline to grant a COA and dismiss the

matter.

---

[*] This order is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

## I. BACKGROUND

On April 16, 1992, Mr. Berry—who was a juvenile at the time—pleaded guilty to various Oklahoma crimes[1] and was sentenced to a 145-year term of imprisonment.[2] He did not appeal.

On September 25, 2017, Mr. Berry filed a petition for post-conviction relief in Oklahoma state trial court that claimed his sentence violated the Eighth Amendment. The state trial court denied that petition, and Mr. Berry appealed to the Oklahoma Court of Criminal Appeals ("OCCA").

On January 10, 2020, the OCCA affirmed. Specifically, the OCCA reasoned that under its precedents, the Supreme Court's decision in *Graham v. Florida*, 560 U.S. 48 (2010), applies only to the imposition of a sentence of life without parole, not to the potential cumulative effect of multiple determinate sentences. Two OCCA judges dissented.

On February 18, 2020, Mr. Berry filed a § 2254 petition in the Western District of Oklahoma. The petition raised a single claim: that Mr. Berry's "aggregate sentences violate[] the Eighth Amendment [by] establishing a mandatory life without parole sentence." App. 46 (capitalization omitted).

---

[1] Those crimes were: rape, sexual battery, robbery with a firearm, and possession of a firearm while committing a felony.

[2] Mr. Berry represents, in his request for a COA, that he was sentenced to a 150-year term of imprisonment. The discrepancy between the 145 years described by the magistrate judge and the 150 years described by Mr. Berry is immaterial to our resolution of this appeal.

2

The district court referred Mr. Berry's petition to a magistrate judge. On March 4, 2020, the magistrate judge recommended that Mr. Berry's petition be dismissed as untimely. The magistrate judge reasoned that Mr. Berry's claim was based on *Graham* and was therefore filed outside the applicable one-year limitations period. Mr. Berry timely filed an objection to the magistrate judge's recommendation.

On April 17, 2020, the district court adopted the magistrate judge's recommendation, dismissed Mr. Berry's petition with prejudice, and denied a COA. Mr. Berry timely filed a notice of appeal, followed by a formal request for a COA.

## II.    DISCUSSION

### A.    *Certificate of Appealability*

"[A] prisoner seeking postconviction relief under 28 U.S.C. § 2254 has no automatic right to appeal a district court's denial or dismissal of the petition." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). "Instead, [a] petitioner must first seek and obtain a COA." *Id.* To obtain a COA, a petitioner must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "When, as here, the district court denies relief on procedural grounds, the petitioner seeking a COA must show both 'that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" *Gonzalez v. Thaler*, 565 U.S. 134, 140–41 (2012) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

## B.  *Timeliness*

Congress has established a one-year limitations period for the filing of a § 2254 petition that runs from the latest of four dates:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). Mr. Berry's conviction became final on April 27, 1992. To demonstrate timeliness, Mr. Berry relies on subsection (C).

The district court determined Mr. Berry's claim is based on *Graham*, and therefore needed to be filed within one year of that decision. *Id.* § 2244(d)(1)(C). Mr. Berry counters that his claim is based on *Montgomery v. Louisiana*, 136 S. Ct. 718 (2016), and *Budder v. Addison*, 851 F.3d 1047 (10th Cir. 2017).

Reasonable jurists could not debate the correctness of the district court's ruling for two reasons. First, it is not debatable whether Mr. Berry's claim is based on *Graham*. Second, it is not debatable whether Mr. Berry's petition was timely filed even if his claim is based on *Montgomery*.

4

## 1. *Graham*

In *Graham*, the Supreme Court summarized its holding as follows:

> The Constitution prohibits the imposition of a life without parole sentence on a juvenile offender who did not commit homicide. A State need not guarantee the offender eventual release, but if it imposes a sentence of life it must provide him or her with some realistic opportunity to obtain release before the end of that term.

560 U.S. at 82. Mr. Berry's petition alleges that he was a juvenile offender who did not commit homicide and is serving an effective life without parole sentence. Mr. Berry's claim thus falls within the ambit of *Graham*.

By contrast, Mr. Berry's claim does not fall within *Montgomery*. In *Montgomery*, the Supreme Court held *Miller v. Alabama*, 567 U.S. 460 (2012), had retroactive application to petitions for collateral review. 136 S. Ct. at 732. *Miller* held that "a judge or jury must have the opportunity to consider mitigating circumstances before imposing" a life sentence without the possibility of parole on a juvenile homicide offender. 567 U.S. at 489. Mr. Berry's petition does not allege that he committed homicide or that the judge who sentenced him was forbidden from considering mitigating circumstances. *See In re Vassell*, 751 F.3d 267, 270 (4th Cir. 2014) ("*Miller* simply does no work for a nonhomicide offender . . . .").

## 2. *Montgomery*

Regardless, Mr. Berry's petition is untimely even if his claim is based on *Montgomery*, because he filed his petition for post-conviction relief in Oklahoma state

court more than a year after the Supreme Court decided *Montgomery*.[3] The Supreme

Court decided *Montgomery* on January 25, 2016. Mr. Berry filed his petition for post-

conviction relief in state court on September 25, 2017.

Mr. Berry argues *Budder*[4] started a new limitations period, based on the text and

grammar of § 2244(d)(1)(C). But § 2244(d)(1)(C) refers to rights "recognized by the

Supreme Court," not to rights recognized by this court. In *Dodd v. United States*, 545

U.S. 353 (2005), the Supreme Court rejected Mr. Berry's textual argument in the context

of an identically worded statute. *Id.* at 357 (interpreting 28 U.S.C. § 2255(f)(3)). Mr.

Berry suggests *Dodd* was wrongly decided. But we are bound by the Supreme Court's

precedents. *See United States v. Manzanares*, 956 F.3d 1220, 1228 (10th Cir. 2020).

Consequently, our decision in *Budder* could not start a new one-year limitations period.

---

[3] We do not decide whether *Montgomery* started a one-year limitations period under § 2244(d)(1)(C). Even if *Montgomery* did start a new one-year period, Mr. Berry filed too late.

[4] In *Budder*, we held that *Graham* applied to "any sentence that denies a juvenile nonhomicide offender a realistic opportunity to obtain release in his or her lifetime, whether or not that sentence bears the specific label 'life without parole.'" 851 F.3d 1047, 1057 (10th Cir. 2017).

### III.   CONCLUSION

Because Mr. Berry fails to establish that reasonable jurists could debate whether his habeas petition is time-barred, we **DENY** his request for a COA and **DISMISS** the matter.

Entered for the Court


Carolyn B. McHugh
Circuit Judge