## Oliver Clark, plaintiff in error, *vs.* John Gibson, defendant in error.

### *Error to Linn.*

A verbal agreement between the plaintiff and defendant on a trial before a justice of
the peace, that a verdict in his court should be final, may if broken, be the grounds
of an action, but will not be allowed to be pleaded in bar to the action, when re-
moved to the District Court by appeal.

The facts are embodied in the opinion of the court.

HASTINGS, for plaintiff in error.

RORER & WHICHER, for defendant in error.

PER CURIAM, MASON, CHIEF JUSTICE.—This was an action com-
menced before a justice of the peace, and brought by appeal into the
District Court of Linn county. It appears that upon the trial in that
court, after the evidence was closed, the court charged the jury, that if
they found that the parties had verbally agreed on the trial before the
justice of the peace, that the verdict of the jury in the court below should
be final, they must find for the defendant; that such verbal agreement
was a circumstance for them to consider in bar to the action in the Dis-
trict Court, and that parol testimony was competent to prove such agree-
ment. This is the only error assigned in the case.

We think this was an erroneous instruction. The agreement above
alluded to might, if broken, be the ground of an action, but would not
be a bar to that already in court. The contract could not be specific-
ally enforced in a court at law.

But it is contended that the bill of exceptions does not show that the
instructions above set forth were material, and although erroneous ought
not to avail the plaintiff in error. Where a party calls for instructions
which are refused, and he endeavours to reverse a judgment for that
cause, he must certainly show in his bill of exceptions that the evidence
given rendered such instruction proper. Nor would a judgment be re-
versed on account of the statement by the court of an erroneous abstract
proposition. But the instructions of the court in this case carry pre-
sumptive evidence of being practical and applicable to the case. The

court would certainly not voluntarily give instructions in that shape, unless there were some testimony to render them applicable and if a party calls for such instructions he ought not afterwards to be permitted to deny their pertinency. Judgment set aside and a new trial ordered.