# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 16-20815

United States Court of Appeals
Fifth Circuit

**FILED**
July 30, 2018

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

      Plaintiff-Appellee,

v.

KEELAND DURALLE WILLIAMS,

      Defendant-Appellant.

Appeal from the United States District Court
for the Southern District of Texas

Before ELROD, GRAVES, and HO, Circuit Judges.

JAMES E. GRAVES, JR., Circuit Judge:

Before the court is Defendant Keeland Duralle Williams's motion for reconsideration of the denial of his application for a certificate of appealability (COA). We **GRANT** the motion, withdraw the prior order of March 9, 2018, and substitute the following:

In 2014, Defendant Keeland Duralle Williams, who proceeds before this court *pro se*, was convicted of aiding and abetting bank robbery, in violation of 18 U.S.C. §§ 2113(a) & (d) (Count One), and aiding and abetting the carrying and brandishing of a firearm in relation to a crime of violence, in violation of 18 U.S.C. § 924(c) (Count Two). The district court sentenced him to seventy months of imprisonment on Count One and a consecutive eighty-four-month term of

No. 16-20815

imprisonment on Count Two. Williams did not appeal, but he later filed a 28 U.S.C. § 2255 motion, which the district court dismissed as time-barred. He seeks a COA in this court, arguing that (1) reasonable jurists would debate whether the district court erred in determining that his § 2255 motion was time-barred because *Welch v. United States*, 578 U.S. —, 136 S. Ct. 1257 (2016), made *Johnson v. United States*, 576 U.S. —, 135 S. Ct. 2551 (2015), in which the Supreme Court invalidated the residual clause of the Armed Career Criminal Act of 1984, 18 U.S.C. § 924(e)(2)(B)(ii), retroactive to cases on collateral review; (2) his § 2255 motion was timely filed under § 2255(f)(3) within one year of *Johnson*; and (3) in light of *Johnson*, the residual clause of 18 U.S.C. § 924(c)(3)(B), the statute under which he was sentenced, was unconstitutionally vague.

Federal habeas proceedings are subject to the rules prescribed by the Antiterrorism and Effective Death Penalty Act (AEDPA). *Matamoros v. Stephens*, 783 F.3d 212, 215 (5th Cir. 2015); *see* 28 U.S.C. § 2254. Under AEDPA, a federal habeas petitioner may appeal a district court's dismissal of his § 2255 motion only if the district court or the court of appeals first issues a certificate of appealability. 28 U.S.C. §§ 2253(c)(1)(B) & 2253(c)(2); *Buck v. Davis*, 580 U.S. —, —, 137 S. Ct. 759, 773 (2017); *Miller-El v. Cockrell*, 537 U.S. 322, 335–36 (2003). When a district court has denied relief on procedural grounds, "the petitioner seeking a COA must show both 'that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" *Gonzalez v. Thaler*, 565 U.S. 134, 140–41 (2012) (quoting *Slack v. McDaniel,* 529 U.S. 473, 484 (2000)).

In the initial review of Williams's application, this court posited that Williams could not make the required showing because "*Johnson* and *Welch* addressed 18 U.S.C. § 924(e)(2)(B)(ii) rather than the residual clause of . . . § 924(c)(3)(B)," and "[t]his court has declined to extend the holding in *Johnson*

2

to invalidate the residual clause of § 924(c)(3)(B)." As support for this position, we cited two cases—*United States v. Jones*, 854 F.3d 737, 740 (5th Cir.), *cert. denied*, 583 U.S. —, 138 S. Ct. 242 (2017), and *United States v. Chapman*, 851 F.3d 363, 374–75 & n.7 (5th Cir. 2017)—in which we had ruled that the argument that § 924(c)(3)(B) is unconstitutionally vague under *Johnson* was foreclosed by our en banc decision in *United States v. Gonzalez-Longoria*, 831 F.3d 670, 675–77 (5th Cir. 2016) (en banc) (holding that the definition of "crime of violence" found in 18 U.S.C. § 16(b), which is identical to the definition found in § 924(c)(3)(B), "remains constitutional in the aftermath of *Johnson*"), *vacated*, 585 U.S. — (June 18, 2018).

But three months ago, in *Sessions v. Dimaya*, 584 U.S. —, 138 S. Ct. 1204 (2018), the Supreme Court held that § 16(b)'s definition of "crime of violence," as used in the Immigration and Nationality Act, is unconstitutionally vague, abrogating (and later affirmatively vacating) *Gonzalez-Longoria. See id.* at 1213–16, 1223 & 1212 n.2.; *see also Gonzalez-Longoria*, 585 U.S. at — (vacating the judgment and remanding the case "for further consideration in light of" *Dimaya*).[1] Respecting the Court's ruling, which vitiated the sole ground upon which we had ruled that Williams was not entitled to a COA, we requested briefing from the parties on the effect, if any, of *Dimaya*'s holding on Williams's application.

Section 2255(f)(3), which governs the timeliness of Williams's § 2255 motion, provides that a motion must be filed within one year from the latest of "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." 28 U.S.C. § 2255(f)(3); *see also*

---

[1] There will be no further consideration of *Gonzalez-Longoria* by this court, however. The Defendant has been released from prison and declined to mount any further challenge on remand. *United States v. Gonzalez-Longoria*, — F.3d —, —, 2018 WL 3421806 (5th Cir. July 13, 2018) (en banc).

*generally Dodd v. United States*, 545 U.S. 353 (2005). The Supreme Court held in *Johnson* that § 924(e)(2)(B)(ii) is unconstitutionally vague—which commenced the one-year clock for defendants sentenced under that statute—and held in *Dimaya* that § 16(b) is unconstitutionally vague—which commenced the one-year clock for defendants sentenced under that statute—but it has made no predicate holding vis-à-vis § 924(c)(3)(B). Though the Court has instructed the courts of appeals to ***reconsider*** § 924(c)(3)(B) cases in light of *Dimaya*, *see, e.g.*, *United States v. Jackson*, 584 U.S. —, 138 S. Ct. 1983 (2018); *United States v. Jenkins*, 584 U.S. —, 138 S. Ct. 1980 (2018), that instruction does not amount to a determination that the provision is unconstitutional. There is no "newly recognized" right for Williams to assert here.

Section 924(c)(3)(B) remains valid. An assumption that the statute will eventually be invalidated at some indeterminate point cannot overcome the timeliness requirement of § 2255(f)(3). For Williams's motion to even be considered, the statute must actually have first been invalidated. The one-year clock on § 924(c)(3)(B) has not yet started. So in that sense, his motion ***is*** untimely, but because it was filed too early, not too late. *Cf. United States v. Santistevan*, — F. App'x —, —, 2018 WL 1779331, at *3 (10th Cir. Apr. 13, 2018) ("[A]n initial § 2255 motion invoking *Johnson* [is] not timely under § 2255(f)(3) when the underlying statute of conviction [is] § 924(c), not the ACCA.").

If § 924(c)(3)(B) is ultimately held to be unconstitutional, that finding may open the door to future collateral challenges to sentences rendered under that statute. But that has not yet come to pass, so we cannot consider such a challenge at this time. We conclude that jurists of reason would ***not*** find it debatable that the district court was correct in its procedural ruling. *See Gonzalez*, 565 U.S. at 140–41.

The application for a certificate of appealability is **DENIED**.