# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

————

No. 17-70016

————

ABEL REVILL OCHOA,

Petitioner – Appellant,

v.

LORIE DAVIS, DIRECTOR, TEXAS DEPARTMENT OF CRIMINAL JUSTICE, CORRECTIONAL INSTITUTIONS DIVISION,

Respondent – Appellee.

————

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:09-CV-2277

————

United States Court of Appeals
Fifth Circuit

**FILED**

October 18, 2018

Lyle W. Cayce
Clerk

Before ELROD, GRAVES, and WILLETT, Circuit Judges.

PER CURIAM:*

Abel Revill Ochoa was convicted for the murder of his wife and daughter in Texas state court. After his unsuccessful direct appeal and state habeas petition, Ochoa filed a federal habeas petition under 28 U.S.C. § 2254 in the district court, which denied habeas relief and declined to issue a certificate of appealability (COA). Ochoa also filed a motion requesting funds for a

---

* Pursuant to Fifth Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Fifth Circuit Rule 47.5.4.

No. 17-70016

mitigation investigator, which the district court denied. Ochoa now seeks a COA on three claims for habeas relief and appeals the denial of his funding motion. We DENY the COA on all three claims and AFFIRM the denial of Ochoa's funding motion.

I.

Ochoa was convicted of capital murder of his wife and daughter in 2003. The state habeas court found the following:[1]

1. The Court finds that the thirty-year-old Ochoa shot several family members after smoking crack cocaine on Sunday, August 4, 2002. The record reflects that, twenty minutes after smoking a ten-dollar rock of crack, Ochoa entered his living room and systematically shot his wife Cecilia, their nine-month-old daughter (Anahi), Cecilia's father (Bartolo), and Cecilia's sisters (Alma and Jackie). Ochoa reloaded his .9mm Ruger and chased his 7-year-old daughter, Crystal, into the kitchen where he shot her four times. Of the six victims, only Alma survived.

2. The record reflects that, minutes after the shooting, the police stopped Ochoa while driving his wife's Toyota 4Runner. Ochoa told the arresting officer that the gun he used was at his house on the table, that he could not handle the stress anymore, and that he had gotten tired of his life. In a search conducted after arrest, the police found a crack pipe, steel wool, and an empty clear baggie on Ochoa's person. Ochoa gave the police a detailed written statement recounting his actions in the shootings.

After a trial, the jury found Ochoa guilty and sentenced him to death. On direct appeal, the Texas Court of Criminal Appeals (CCA) affirmed his conviction and sentence. *Ochoa v. State*, No. AP-79,663, 2005 WL 8153976, at *1 (Tex. Crim. App. Jan. 26, 2005). Through appointed counsel, Ochoa filed a state application for habeas corpus on February 11, 2005, to which he added a *pro se* supplement. Ochoa then filed an additional *pro se* application on March 19,

---

[1] These facts are presumed to be correct and entitled to deference under 28 U.S.C. § 2254(e)(1).

## No. 17-70016

2007, to yet again supplement his previous application. The CCA denied state habeas relief. *Ex parte Ochoa*, No. WR-67,495-02, 2009 WL 2525740, at *1 (Tex. Crim. App. Aug 19, 2009). The CCA also rejected Ochoa's subsequent *pro se* application as an abuse of writ under Texas Code of Criminal Procedure Article 11.071, Section 5. *Id.*

Ochoa subsequently filed a federal petition for a writ of habeas corpus under 28 U.S.C. § 2254. Ochoa presented 21 claims for relief, including the three claims pertinent to his COA application, all of which the district court rejected as unexhausted, procedurally defaulted, or meritless. Ochoa alleged in his federal petition—for the first time—that he was shackled during the punishment phase of his trial, his right to due process was violated as a result, and his trial counsel was ineffective for failing to object to shackling. Ochoa attached an affidavit of his trial mitigation investigator who attended his trial, stating:[2]

> I recall being appalled when I saw Mr. Ochoa, who wore leg irons/shackles during his trial, walk to the witness stand. He passed by the jurors, who were sitting in the jury box, shuffling his feet due to the restraint the leg chains imposed. There could be no doubt that Mr. Ochoa was shackled when he walked to the witness stand[.]

The district court rejected Ochoa's due process claim as unexhausted and procedurally defaulted. The district court alternatively rejected this claim onthe merits, because "[t]he record [did] not reflect that Ochoa was even shackled, much less a reasonable probability that the jury was aware of it." As to the shackling-based ineffective assistance of trial counsel (IATC) claim, the

---

[2] Without deciding the propriety of considering the affidavit, we note that 28 U.S.C. § 2254(e)(2) "restricts the discretion of federal habeas courts to consider new evidence when deciding claims that were not adjudicated on the merits in state court." *Cullen v. Pinholster*, 563 U.S. 170, 186 (2011).

No. 17-70016

district court concluded that it was unexhausted, procedurally defaulted, and meritless.

Ochoa also alleged that, during *voir dire*, the trial court limited his trial counsel's ability to question the jurors whether they could fairly consider all mitigating evidence, and his trial counsel was ineffective for failing to timely object to such limitations. Ochoa claimed that, because of this error, the jurors were biased against him. Ochoa noted that, three days before jury selection was complete, one of the seated jurors was excused from service after remembering learning through pre-trial publicity that Ochoa shot his entire family and telling the court that she could not be fair and impartial. The district court rejected the *voir dire*-based IATC claim because it was unexhausted and procedurally defaulted. Alternatively, the district court concluded that this claim was meritless because the trial court dismissed the sole juror who had actual bias, and Ochoa merely speculated that the other jurors were biased. After denying relief, the district court declined to issue a COA for any claim.

Along with his § 2254 petition, Ochoa also filed a motion for funds for a mitigation investigator under 18 U.S.C. § 3599 to pursue a *Wiggins* claim based on his trial counsel's alleged failure to investigate mitigation evidence. *See Wiggins v. Smith*, 539 U.S. 510, 534–35 (2003) (concluding that counsel's failure to investigate and discover mitigation evidence can be prejudicial). The district court denied this motion because "Ochoa [did] not complain that trial counsel did not know about the poverty, alcoholism or abuse to be investigated, and [did] not indicate how further investigation of these matters will substantially improve his chances of success."

Ochoa now seeks a COA for the three claims based on alleged shackling and *voir dire*, and appeals the denial of funds under § 3599. Ochoa has not sought a COA for the *Wiggins* claim and concedes that the funding request is

4

No. 17-70016

entirely unrelated to the three claims for which he seeks a COA in this proceeding.

## II.

Under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), a federal habeas petitioner must obtain a COA before appealing the denial of habeas relief. 28 U.S.C. § 2253(b), (c)(1); *United States v. Williams*, 897 F.3d 660, 661 (5th Cir. 2018). "A COA may issue 'only if the applicant has made a substantial showing of the denial of a constitutional right.' " *Buck v. Davis*, 137 S. Ct. 759, 773 (2017) (quoting 28 U.S.C. § 2253(c)(2)). Because the COA is a jurisdictional requirement, "[u]ntil the prisoner secures a COA, the [c]ourt of [a]ppeals may not rule on the merits of his case." *Id.*

"The COA inquiry . . . is not coextensive with a merits analysis." *Id.* The only question at this stage is whether "jurists of reason could disagree with the district court's resolution of [the petitioner's] constitutional claims or . . . conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 337 (2003). "[A] claim can be debatable even though every jurist of reason might agree, after the COA has been granted and the case has received full consideration, that petitioner will not prevail." *Id.* at 338. Nevertheless, "when a court of appeals properly applies the COA standard and determines that a prisoner's claim is not even debatable, that necessarily means the prisoner has failed to show that his claim is meritorious." *Buck*, 137 S. Ct. at 774.

If the district court denies relief on a procedural ground, petitioner must additionally show "that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Gonzalez v. Thaler*, 565 U.S. 134, 140–41 (2012) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

5

No. 17-70016

III.

Ochoa contends that reasonable jurists could disagree with the district court's resolution of his shackling-based and *voir dire*-based claims.[3]  For the following reasons, we hold that the district court's conclusions are not debatable.

A.

Ochoa argues that the district court's resolution of his due process claim based on alleged shackling is debatable.  Because of its inherently prejudicial nature, "[s]hackling a defendant is prohibited unless 'justified by an essential state interest such as the interest of courtroom security.' "  *Hatten v. Quarterman*, 570 F.3d 595, 603 (5th Cir. 2009) (quoting *Deck v. Missouri*, 544 U.S. 622, 624 (2005)).  If a court erroneously shackles a defendant during the punishment phase of a capital trial, the defendant's appearance in shackles "almost inevitably implies to a jury, as a matter of common sense, that court authorities consider the offender a danger to the community" and "undermines the jury's ability to weigh accurately all relevant considerations . . . ."  *Deck*, 544 U.S. at 633.  Thus, ordinarily, the state must prove "beyond a reasonable doubt that the [shackling] error complained of did not contribute to the verdict obtained."  *Id.* at 635 (alteration in original) (quoting *Chapman v. California*, 386 U.S. 18, 24 (1967)).  On collateral review, however, a federal court grants relief only if the shackling error had a "substantial and injurious effect or influence in determining the jury's verdict."  *Hatten*, 570 F.3d at 604 (quoting *Fry v. Pliler*, 551 U.S. 112, 121–22 (2007)).

---

[3] As Ochoa's counsel conceded during oral argument, we can rule on the COA issues regardless of how we decide the funding issue because the two are completely unrelated. Oral Argument at 6:54–7:32; 10:18–43, *Ochoa v. Davis* (No.17-70016), http://www.ca5.uscourts.gov/oral-argument-information/oral-argument-recordings.

No. 17-70016

Ochoa has presented a highly unusual shackling claim, because, as the district court noted, the record does not show whether Ochoa was even shackled during his trial. If Ochoa was not even shackled, no reasonable jurist can debate whether shackling violated his right to due process.

Assuming *arguendo* that Ochoa was, in fact, shackled, he is still not entitled to a COA. Federal courts may not grant habeas relief on unexhausted and procedurally defaulted claims. 28 U.S.C. § 2254(b)(1)(A); *Norman v. Stephens*, 817 F.3d 226, 231–32 (5th Cir. 2016). "If a claim is merely unexhausted but not procedurally defaulted, then, absent waiver by the state, a district court must either dismiss the federal petition or stay the federal proceeding while the petitioner exhausts the unexhausted claim in state court." *Norman*, 817 F.3d at 231 n.1. Unexhausted claims become procedurally defaulted if "the state court to which the prisoner would have to present his claims in order to exhaust them would find the claims procedurally barred . . . ." *Kittelson v. Dretke*, 426 F.3d 306, 315 (5th Cir. 2005). The district court concluded that Ochoa's unexhausted claim would be barred in state court under Article 11.071, Section 5. Ochoa concedes that "[t]his claim was not raised in state court and, thus, was unexhausted and likely defaulted . . . ." Appellant's Br. 36; *see also id.* at 42 n.5 ("[T]he [IATC] claim, as well as the underlying due process claim, were defaulted . . . ."). Accordingly, no reasonable jurist would debate whether this claim is unexhausted and procedurally defaulted.

## B.

Next, Ochoa argues that the district court's resolution of his shackling-based IATC claim is debatable. Again, Ochoa concedes that this IATC claim is both unexhausted and procedurally defaulted. Therefore, it is not debatable that this IATC claim is procedurally defaulted.

No. 17-70016

Nevertheless, a federal court may review the merits of a procedurally barred claim if the petitioner can "demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law . . . ." *Coleman v. Thompson*, 501 U.S. 722, 750 (1991). Under the *Martinez/Trevino* exception, the petitioner may establish cause "by showing that (1) his state habeas counsel was constitutionally deficient in failing to include the claim in his first state habeas application; and (2) the underlying ineffective-assistance-of-trial-counsel claim is 'substantial.' " *Reed v. Stephens*, 739 F.3d 753, 774 (5th Cir. 2014) (quoting *Martinez v. Ryan*, 566 U.S. 1, 14 (2012)); *see also Trevino v. Thaler*, 569 U.S. 413, 428–29 (2013) (applying *Martinez* to Texas). A claim is "insubstantial" if it "does not have any merit" or "is wholly without factual support." *Martinez*, 566 U.S. at 16.

Reasonable jurists would not disagree that Ochoa cannot overcome the procedural default, because Ochoa's underlying shackling-based IATC claim is insubstantial. *See id.* To establish an IATC claim, the petitioner must show "both that counsel performed deficiently and that counsel's deficient performance caused him prejudice." *Buck*, 137 S. Ct. at 775; *see also Strickland v. Washington*, 466 U.S. 668, 687 (1984). To prove deficiency, the petitioner "must overcome a 'strong presumption' that the representation did fall 'within the wide range of reasonable professional assistance.' " *Beatty v. Stephens*, 759 F.3d 455, 463 (5th Cir. 2014) (quoting *Strickland*, 466 U.S. at 689). To establish prejudice, the petitioner must show "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.*

The district court rejected this IATC claim because the underlying due process claim was meritless. It persuasively explained:

> Ochoa has not provided the information needed on federal habeas review to show that any shackling, if it indeed occurred, would

8

have been unjustified under *Deck*, that an objection at trial would have prevailed, or that a point of error on appeal would have been sustained. Ochoa has not established that the due process complaint [based on shackling] . . . has merit, much less that his counsel was ineffective for failing to assert it in an objection.

Indeed, "[u]nsupported allegations and pleas for presumptive prejudice are not the stuff that *Strickland* is made of." *Sawyer v. Butler*, 848 F.2d 582, 589 (5th Cir. 1988), *reh'g*, 881 F.2d 1273 (1989), *aff'd sub nom. Sawyer v. Smith*, 497 U.S. 227 (1990). Thus, no reasonable jurist would disagree that Ochoa cannot overcome the procedural default.

## C.

Ochoa also asserts that the district court's resolution of his *voir dire*-based IATC claim is debatable. Because Ochoa concedes his failure to present this IATC claim in state court, reasonable jurists would not disagree that this claim is unexhausted and procedurally defaulted.

Nor would reasonable jurists debate whether Ochoa can overcome the procedural default. This IATC claim is insubstantial. *See Martinez*, 566 U.S. at 16. As the district court noted, Ochoa cannot establish prejudice. *See Strickland*, 466 U.S. at 687. In *Garza v. Stephens*, this court rejected a habeas petitioner's contention that his trial counsel failed to question the jurors about their views relating to the death penalty and the murder of a police officer. 738 F.3d 669, 675 (5th Cir. 2013). There, the petitioner's claim "rel[ied] solely on speculation" that "the jurors *may* not have been fair and impartial." *Id.* at 676. The petitioner "[did] not even argue that, without the alleged errors, there is a reasonable probability that the jury would not have answered the special issues in the state's favor." *Id.* Here, as in *Garza,* Ochoa's contention is wholly insufficient. Although the trial court removed one juror because she professed her inability to be fair and impartial, Ochoa has provided no reason—other

than his speculation—why other jurors also may not have been fair and impartial.

In addition to his failure to establish prejudice under *Strickland*, Ochoa failed to show his trial counsel's deficiency.  466 U.S. at 687.  By his own account, Ochoa's trial counsel objected not once, but twice.  After the trial court removed the biased juror, Ochoa's trial counsel sought to question the remaining jurors.  *Id.*  In doing so, "[c]ounsel made a lengthy objection during which he referenced *an earlier defense request* to question the jurors about the accurate aggravating facts of the case but had been prohibited from doing so by the court."  *Id.* (emphasis added).  Ochoa's contention that his trial counsel should have objected sooner cannot overcome a strong presumption that the representation fell within the wide range of reasonable professional assistance.  *See Beatty*, 759 F.3d at 463.  Accordingly, no reasonable jurist would debate that this claim is procedurally barred.

Because no reasonable jurist would disagree with the district court's resolution of these three habeas claims, a COA is unwarranted.

## IV.

We now turn to Ochoa's appeal of the denial of his 18 U.S.C. § 3599 motion for funds to pursue his unexhausted *Wiggins* claim.[4]  We review a denial of a funding motion under a highly deferential abuse of discretion standard.  *Crutsinger v. Davis*, 898 F.3d 584, 586 (5th Cir. 2018).  "Section 3599(a) authorizes federal courts to provide funding to a party who is facing the prospect of a death sentence and is 'financially unable to obtain adequate representation or investigative, expert, or other reasonably necessary

---

[4] As noted above, the funding issue is completely unrelated to the COA issues, and Ochoa has not sought a COA on the *Wiggins* claim.

services.' " *Ayestas v. Davis*, 138 S. Ct. 1080, 1092 (2018) (quoting 18 U.S.C. § 3599(a)).

If the requested services are "reasonably necessary," then a court "may authorize the [applicant's] attorneys to obtain such services on [his] behalf . . . ." 18 U.S.C. § 3599(f).  Rejecting this court's "substantial need" test, the Supreme Court explained that "[a] natural consideration informing the exercise of that discretion is the likelihood that the contemplated services will help the applicant win relief." *Ayestas*, 138 S. Ct. at 1094.  "Proper application of the 'reasonably necessary' standard thus requires courts to consider the potential merit of the claims that the applicant wants to pursue, the likelihood that the services will generate useful and admissible evidence, and the prospect that the applicant will be able to clear any procedural hurdles standing in the way."  *Id.*  "[T]he touchstone of the inquiry is 'the likely *utility* of the services requested' and that '§ 3599(f) cannot be read to guarantee that an applicant will have enough money to turn over every stone.' "  *Crutsinger*, 898 F.3d at 586 (quoting *Ayestas*, 138 S. Ct. at 1094).

The district court denied Ochoa's funding motion under the prior "substantial need" standard before *Ayestas* was decided.  Ochoa asks us to remand so the district court may consider his motion under the correct standard.  While we have twice remanded funding denials after *Ayestas*, in other cases, we have decided that remand was unnecessary.  *Compare Robertson v. Davis*, 729 F. App'x 361, 362 (5th Cir. 2018) (remanding to the district court), *and Sorto v. Davis*, 716 F. App'x 366, 366 (5th Cir. 2018) (same), *with Crutsinger*, 898 F.3d at 586–87 (deciding the funding issue without remanding), *and Mamou v. Davis*, No. 17-70001, 2018 WL 3492821, at *3–*5 (5th Cir. July 19, 2018) (same).

Here, remand is unnecessary, because "the reasons the district court gave for its ruling remain sound after *Ayestas* . . . ."  *Mamou*, 2018 WL 3492821,

at *3.  The requested funds cannot help Ochoa win relief on his unexhausted, procedurally defaulted, and meritless *Wiggins* claim.

Ochoa concedes that his *Wiggins* claim is unexhausted and procedurally defaulted.  As the district court determined, Ochoa cannot overcome the procedural default because he "has not shown a lack of diligence by his original state habeas counsel in those proceedings, but even if he had, such counsel could not be found ineffective for the purpose of the *Martinez* exception for failing to present a meritless claim."  *See also Reed*, 739 F.3d at 774.  It is unlikely that Ochoa will clear these procedural hurdles.  *See Ayestas*, 138 S. Ct. at 1094.

As to the merits, the district court astutely observed:

In the instant case, even if the claim comes within the exception to procedural bar, the alternative merits analysis is correct.  Ochoa's motion focuses on his complaint that trial counsel was ineffective for failing to investigate and present mitigating evidence at his trial.  Ochoa does not complain that trial counsel did not present evidence of his background, but merely that he did not present enough of it.  But this was not a case where an abusive background could help to explain a long criminal history or other pattern of misbehavior that inexorably led to the crime.  This was a case where the defendant was a hard-working, family man who did not have as much as a traffic ticket before the afternoon when he murdered five people, including his wife, her family members and their children.  Trial counsel chose to focus on the power of Ochoa's cocaine addiction to explain this sudden anomaly that occurred after his wife refused to buy him more drugs.

At trial, counsel presented evidence from multiple expert and lay witnesses touching on Ochoa's life, background, character, culpability, potential for rehabilitation, and projected conditions of confinement if sentenced to life.  Ochoa's complaint does not identify an area or subject that was not generally covered by the evidence trial counsel presented to the jury.  Instead, he points to additional evidence of Ochoa's background that may have been cumulative of what was already presented or less relevant than the evidence actually presented.  For example, he argues that

additional evidence should have been presented regarding his early life in Mexico. Ochoa's father testified about their poor living conditions there, but Ochoa testified at trial that his earliest memories were living on a farm in Texas. Ochoa also now argues that additional testimony should have been provided regarding Ochoa's father, specifically regarding his alcoholism and abuse of Ochoa's family. But Ochoa and his brother testified that their father was an alcoholic that would beat their mother, requiring the assistance of Ochoa and his brothers to get their father off of her, and that this upset Ochoa greatly. Ochoa's father also testified about the history of alcohol abuse in their family, and that he used [to] get drunk and beat his family, but that he stopped after he had an accident while driving intoxicated. Defense expert Dr. Edward Nace also testified about the addiction problem in Ochoa's family, including his father's alcoholism and its impact on Ochoa.

Not only is this allegation insufficient to warrant habeas relief, it would be insufficient to grant investigative funding.

We agree with this persuasive analysis. Because extensive mitigation evidence was available to Ochoa's defense and later presented to the jury, it is unlikely that the contemplated services will help Ochoa win relief on the *Wiggins* claim. *See Ayestas*, 138 S. Ct. at 1094. Moreover, Ochoa has not explained how further investigation would yield evidence that is different from what was available at the time of his trial. Instead, Ochoa is simply seeking to "turn over every stone," and § 3599 does not entitle him to do so. *Id.* The district court did not abuse its discretion in denying funding as the funding is not reasonably necessary.

## V.

For the foregoing reasons, we DENY Ochoa's application for a COA and AFFIRM the denial of funds under § 3599(f).