# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**
June 19, 2019

Lyle W. Cayce
Clerk

No. 18-11062

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

RONALD LAVELLA TOLLIVER,

Defendant-Appellant.

Appeal from the United States District Court
for the Northern District of Texas

O R D E R:

Ronald Lavella Tolliver, federal prisoner # 15693-177, moves for a certificate of appealability ("COA"). In his underlying 28 U.S.C. § 2255 motion, Tolliver challenges his convictions for brandishing a firearm during a crime of violence. *See* 18 U.S.C. § 924(c)(1)(A)(ii). The district court, however, dismissed his § 2255 motion as time barred.

The Anti-Terrorism and Effective Death Penalty Act ("AEDPA") imposes a one-year limitations period, with four possible triggers:

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) *the date on which the right asserted was initially recognized* by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f) (emphasis added). The district court dismissed the motion based on § 2255(f)(1) because Tolliver filed more than eleven years after his conviction became final. But Tolliver contends his motion is timely under § 2255(f)(3) because he filed it within one year of the issuance of *Johnson v. United States*, 135 S. Ct. 2551 (2016), which he believes rendered 18 U.S.C. § 924(c)(3)(B) unconstitutionally vague.

To obtain a COA, Tolliver must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Because the district court dismissed Tolliver's motion on a procedural ground (timeliness), that means he must make a two part showing: "[1] that jurists of reason would find it debatable whether the [§ 2255 motion] states a valid claim of the denial of a constitutional right and [2] that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

To the extent that a § 2255 movant relies on something like *Johnson* in his underlying claim for relief, and assuming that claim has some merit, he may very well clear the first hurdle. *See Dufresne v. Palmer*, 876 F.3d 248, 254 (6th Cir. 2017) (per curiam) (To meet *Slack*'s standard, it is not enough for a petitioner to allege claims that are arguably *constitutional*; those claims must also be arguably *valid* or *meritorious*."). *Johnson* held that "imposing an increased sentence under the residual clause of the Armed Career Criminal Act violates the Constitution's guarantee of due process." 135 S. Ct. at 2563. So a conviction and sentence in violation of the principles established in *Johnson* "deni[es] a constitutional right." 28 U.S.C. § 2253(c)(2).

But whether or not jurists of reason could debate the validity of Tolliver's constitutional claim, they could not debate the correctness of the district court's procedural ruling. That's because Tolliver does not rely on *Johnson* here. *Johnson* held ACCA's residual clause is unconstitutionally vague. 135 S. Ct. at 2555–57. That provision defines a "violent felony" to include any crime that "otherwise involves conduct that presents a serious potential risk of physical injury to another." 18 U.S.C. § 924(e)(2)(B)(ii). Tolliver, however, points to a different provision. The language that governed his sentence defines a "crime of violence" to include any offense "that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense." *Id.* § 924(c)(3)(B).

It may be that § 924(c)(3)(B)'s language should be treated like § 924(e)(2)(B)(ii)'s. But *Johnson* had nothing to say about that question. *See United States v. Williams*, 897 F.3d 660, 662 (5th Cir. 2018). That matters because § 2255(f)(3) keys its limitations trigger to Supreme Court decisions.

Once again, here's the trigger Tolliver hopes to rely on: "the date on which [1] the right asserted was initially recognized by the Supreme Court, if that right has been [2] newly recognized by the Supreme Court and [3] made retroactively applicable to cases on collateral review." 28 U.S.C. § 2255(f)(3). "It is undisputed that *Johnson* announced a new rule." *Welch v. United States*, 136 S. Ct. 1257, 1264 (2016). And the Supreme Court has since made it retroactive to cases on collateral review. *Id.* at 1265. But as we've just seen, *Johnson*'s new and retroactive right is not "the right asserted" by Tolliver. A rule for § 924(e)(2)(B)(ii) does not tell us what happens under § 924(c)(3)(B). Because Tolliver has not shown *Johnson* governs his motion, the motion is untimely. *See Dimott v. United States*, 881 F.3d 232, 243 (1st Cir. 2017).[1]

---

[1] Tolliver has not pointed to the Supreme Court's recent decision in *Sessions v. Dimaya*, 138 S. Ct. 1204 (2018). There, the Court held 18 U.S.C. § 16's language—which is identical to § 924(c)(3)(B)'s language—is unconstitutionally vague. But even construing his *pro se* motion favorably, *Dimaya* does not change things. For one thing, the right "recognized by the Supreme Court" in *Dimaya* is not the same right *yet to be recognized* in § 924(c)(3)(B)— no matter how similar the provisions may seem. Second, this approach makes sense because there may be good reasons to treat § 924(c) differently than § 924(e) and § 16. For example, several of our fellow circuit courts have concluded § 924(c) is not subject to the categorical approach that underpins the *Johnson* (§ 924(e)) and *Dimaya* (§ 16) decisions. *See United States v. Douglas*, 907 F.3d 1, 8–15 (1st Cir. 2018); *Ovalles v. United States*, 905 F.3d 1231, 1244–52 (11th Cir. 2018) (en banc); *United States v. Barrett*, 903 F.3d 166, 178–84 (2d Cir. 2018); *but see United States v. Simms*, 914 F.3d 229, 239–243 (4th Cir. 2019) (en banc).

Because reasonable jurists could not debate the district court's procedural ruling, the motion for a COA is DENIED.

_____
ANDREW S. OLDHAM
UNITED STATES CIRCUIT JUDGE