# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

—————

No. 19-10760

—————

Consolidated with 17-11376

UNITED STATES OF AMERICA,

> Plaintiff - Appellee

v.

JIMMY DIXON,

> Defendant - Appellant

United States Court of Appeals
Fifth Circuit

**FILED**
April 3, 2020

Lyle W. Cayce
Clerk

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

In re:  JIMMY LEE DIXON,

> Movant

—————

Motion for an Order Authorizing
the United States District Court for the
Northern District of Texas to Consider
a Successive 28 U.S.C. § 2255 Petition

—————

Before KING, JONES, and DENNIS, Circuit Judges.

PER CURIAM:\*

---

\* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Pro se prisoner Jimmy Lee Dixon moves this court for permission to file a successive habeas petition pursuant to 28 U.S.C. § 2255, arguing that his conviction for using a firearm during the commission of a crime of violence in violation of 18 U.S.C. § 924(c) is unconstitutional under *United States v. Davis*, 139 S. Ct. 2319 (2019). We grant the motion.

A prisoner seeking to file a second or successive Section 2255 petition must obtain authorization from this court to do so. 18 U.S.C. § 2244(b)(3)(A). To obtain such authorization, Dixon must make a *prima facie* showing that his underlying claim relies "on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255(h); 28 U.S.C. § 2244(b)(3)(C). We have described a *prima facie* showing as "simply a sufficient showing of possible merit to warrant a fuller exploration by the district court." *Reyes-Requena v. United States*, 243 F.3d 893, 899 (5th Cir. 2001) (quoting *Bennett v. United States*, 119 F.3d 468, 469 (7th Cir. 1997)). "[I]f in light of the documents submitted with the application it appears reasonably likely that the application satisfies the stringent requirement for the filing of a second or successive petition, we shall grant the application." *In re Morris*, 328 F.3d 739, 740 (5th Cir. 2003) (quoting *Bennett*, 119 F.3d at 469–70).

Dixon argues his Section 924(c) conviction should be vacated because, under *Davis*, his predicate federal kidnapping conviction no longer qualifies as a crime of violence. Section 924(c) defines a crime of violence in two alternative ways. An offense qualifies if it is a felony and (1) "has as an element the use, attempted use, or threatened use of physical force against the person or property of another" (the elements clause); or (2) "by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense" (the residual clause). 18 U.S.C. § 924(c)(3). *Davis* held that the residual clause is unconstitutionally

vague, 139 S. Ct. at 2336, but the elements clause remains intact. Thus, following *Davis*, Dixon's Section 924(c) conviction can be sustained only if his kidnapping offense qualifies as a crime of violence under the elements clause.

We recently held that *Davis* announced a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court. *See United States v. Reece*, 938 F.3d 630, 635 (5th Cir. 2019). And, although we have not addressed whether kidnapping qualifies as a crime of violence post-*Davis*, Dixon's position is supported by our sister circuits that have. *See United States v. Walker*, 934 F.3d 375, 378–79 (4th Cir. 2019); *Knight v. United States*, 936 F.3d 495, 497 (6th Cir. 2019); *United States v. Brazier*, 933 F.3d 796, 800–01 (7th Cir. 2019); *United States v. Hopper*, 723 F. App'x 645, 646 (10th Cir. 2018); *United States v. Gillis*, 938 F.3d 1181, 1204–05 (11th Cir. 2019).

In light of these considerations, we conclude that Dixon's *Davis*-based claim warrants fuller exploration by the district court and thus meets the *prima facie* requirement. *Cf. United States v. Williams*, 897 F.3d 660, 662 (5th Cir. 2018) (recognizing, pre-*Davis*, that "[i]f [the residual clause] is ultimately held to be unconstitutional, that finding may open the door to future collateral challenges to sentences rendered under that statute.").

Accordingly, Dixon's motion for authorization to file a successive Section 2255 petition is **GRANTED**. We note, however, that our grant of authorization "is tentative in the following sense: the district court must dismiss the motion that we have allowed the applicant to file, without reaching the merits of the motion, if the court finds that the movant has not satisfied the requirements for the filing of such a motion."[1] *Morris*, 328 F.3d at 741 (quoting *Reyes-Requena*, 243 F.3d at 899).

---

[1] We also note that we have recently held that a petitioner seeking to "rely on" *Johnson v. United States*, 135 S. Ct. 2551 (2015) for purposes of filing a successive habeas petition attacking his sentence under the Armed Career Criminal Act's now-unconstitutional residual

provision must prove by a preponderance of the evidence that he was actually sentenced under the ACCA's residual provision. *See United States v. Clay*, 921 F.3d 550, 558–59 (5th Cir. 2019).