IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
July 15, 2020 Session

## TIFFANY MICHELLE TAYLOR v. STATE OF TENNESSEE

**Appeal from the Criminal Court for Putnam County**
**No. 1997-CR-321    Gary McKenzie, Judge**

_____

### No. M2019-01312-CCA-R3-PC
_____

Petitioner, Tiffany Michelle Taylor, was convicted by a Putnam County jury of first degree premeditated murder and sentenced to life in the Tennessee Department of Correction. More than a year after this court affirmed her conviction, Petitioner filed a petition for post-conviction relief alleging that her juvenile life sentence violated the Eighth Amendment as interpreted in *Miller v. Alabama*, 567 U.S. 460 (2012) and *Montgomery v. Louisiana*, 136 S. Ct. 718 (2016). The post-conviction court subsequently denied the petition on its merits. Following our review of the record and relevant law, we conclude that the post-conviction court should have dismissed the petition because it was not timely filed.  The judgment dismissing the petition is affirmed.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

THOMAS T. WOODALL, J., delivered the opinion of the court, in which ROBERT L. HOLLOWAY, JR., and TIMOTHY L. EASTER, JJ., joined.

Craig P. Fickling, District Public Defender; and Benjamin D. Marsee, Assistant Public Defender, Cookeville, Tennessee, for the appellant, Tiffany Michelle Taylor.

Herbert H. Slatery III, Attorney General and Reporter; T. Austin Watkins, Assistant Attorney General; Bryant C. Dunaway, District Attorney General; and Beth Willis, Assistant District Attorney General, for the appellee, State of Tennessee.

### OPINION

*Background*

Petitioner was convicted by a Putnam County Criminal Court Jury of the first degree murder of her mother, Theresa Parramoure, and received a life sentence by operation of law because the State did not seek a sentence of life without the possibility of parole. Petitioner was sixteen years old at the time of the offense and was initially charged in juvenile court. The State petitioned the juvenile court to transfer Petitioner to criminal court in order for her to be tried as an adult. The juvenile court granted the State's petition. A panel of this court affirmed the conviction. *State v. Tiffany Michelle Taylor*, No. M1999-02358-CCA-R3-CD, 2002 WL 799695 (Tenn. Crim. App. Apr. 29, 2002).

In her direct appeal, Petitioner argued that the juvenile transfer statute, Tenn.Code Ann. § 37–1–134, was unconstitutional because it violated equal protection and the separation of powers doctrine; that her conviction violated the protection against double jeopardy; that the trial court erred by refusing to give a sleep defense instruction; and that the trial court improperly admitted inflammatory photographs into evidence. *Tiffany Michelle Taylor*, 2002 WL 799695, at *1. This court affirmed Petitioner's conviction on April 29, 2002, and our supreme court denied Petitioner's application for permission to appeal on November 4, 2002. More than thirteen years later, on May 5, 2016, Petitioner filed a petition for post-conviction relief arguing that her juvenile life sentence violated the Eighth Amendment as interpreted in *Miller v. Alabama*, 567 U.S. 460 (2012) and *Montgomery v. Louisiana*, 136 S.Ct. 718 (2016).

Counsel was appointed, and an amended petition was filed. The trial court entered an "agreed order of stipulation" by the parties. Petitioner and the State had stipulated to the truth of the factual allegations made in Petitioner's amended petition, including that Petitioner's "original petition was timely filed, pursuant to Tenn. Code Ann. § 40-30-102(b)(1), in that it was filed within one year of *Montgomery's* establishment of a new

constitutional right." The State filed a response to Petitioner's amended post-conviction petition asserting that *Miller* and *Montgomery* did not entitle Petitioner to relief because her sentence of life imprisonment was distinguishable from a sentence of life without the possibility of parole.

An evidentiary hearing was held during which Petitioner offered no testimony but presented a mortality table and one scholarly article for the post-conviction court's consideration. Thereafter, Petitioner late-filed the affidavit, report, and resume of Dr. Michael Freeman, an epidemiologist, as an exhibit. Petitioner also filed a post-hearing supporting memorandum. In an amended answer filed after the post-conviction hearing, the State argued that the post-conviction petition was not timely filed because it was not filed within one year of *Miller*, which created a new substantive rule of law. Rather, the petition was filed within one year of *Montgomery* whose limited holding stated that *Miller* was to be applied retroactively to juvenile offenders, and *Montgomery* did not create a new substantive rule of law. The post-conviction court did not address the timeliness of the post-conviction petition but denied the petition "as the narrow holding in *Miller* is applicable to life without parole sentences and not the life sentence that Petitioner is currently serving."

*Analysis*

On appeal, Petitioner asserts that "Tennessee's life sentencing scheme as applied to [Petitioner] is unconstitutional" in light of the United State's Supreme Court's holding in *Miller*.

Initially, the State argues that Petitioner's petition for post-conviction relief was not timely filed because it was not filed within one year of the Supreme Court's holding in *Miller*. In her reply brief, Petitioner asserts that due process requires tolling of the statute of limitations in this case. "Relief under [the Post-Conviction Procedure Act] shall

be granted when the conviction or sentence is void or voidable because of the abridgment of any right guaranteed by the Constitution of Tennessee or the Constitution of the United States." Tenn. Code Ann. § 40-30-103. Tennessee Code Annotated section 40-30-102(a) provides in pertinent part that a person in custody under a sentence of a court of this state must petition for post-conviction relief under this part within one (1) year of the date of the final action of the highest state appellate court to which an appeal is taken or, if no appeal is taken, within one (1) year of the date on which the judgment became final, or consideration of the petition shall be barred.

Tennessee Code Annotated section 40-30-102(b) (2019) provides that

[n]o court shall have jurisdiction to consider a petition filed after the expiration of the limitations period unless:

(1) [t]he claim in the petition is based upon a final ruling of an appellate court establishing a constitutional right that was not recognized as existing at the time of trial, if retrospective application of that right is required. The petition must be filed within one (1) year of the ruling of the highest state appellate court or the United States supreme court establishing a constitutional right that was not recognized as existing at the time of trial;

(2) [t]he claim in the petition is based upon new scientific evidence establishing that the petitioner is actually innocent of the offense or offenses for which the petitioner was convicted; or

- 4 -

(3) [t]he claim asserted in the petition seeks relief from a sentence that was enhanced because of a previous conviction and the conviction in the case in which the claim is asserted was not a guilty plea with an agreed sentence, and the previous conviction has subsequently been held to be invalid, in which case the petition must be filed within one (1) year of the finality of the ruling holding the previous conviction to be invalid.

Tenn. Code Ann. §§ 40-30-102(b)(1)-(3) (2019). This court has previously concluded that "[g]iven the post-conviction statute's language conferring jurisdictional import to the timely filing of a petition, it is essential that the question of timeliness can be resolved before any adjudication on the merits of the petitioner's claims may properly occur." *Antonio L. Saulsberry v. State*, No. W2002-02538-CCA-R3-PC, 2004 WL 239767, at *1 (Tenn. Crim. App. Feb. 9, 2004).

If a petitioner fails to file a timely petition, the post-conviction court does not have jurisdiction, unless due process requires tolling of the statute of limitations. *See* Tenn. Code Ann. § 40-30-102(a) (2019); *Whitehead v. State*, 402 S.W.3d 615, 622-31 (Tenn. 2013). "Issues regarding whether due process requires tolling of the post-conviction statute of limitations are mixed questions of law and fact and are, therefore, subject to de novo review." *Id* at 621. In Tennessee, courts "have previously recognized that in certain circumstances, strict application of the statute of limitations would deny a defendant a reasonable opportunity to bring a post-conviction claim and thus, would violate due process." *Williams v. State*, 44 S.W.3d 464, 468 (Tenn. 2001). "A petitioner is entitled to due process tolling upon a showing (1) that he or she has been pursuing his or her rights diligently, and (2) that some extraordinary circumstance stood in his or her way and prevented timely filing." *Whitehead*, 402 S.W.3d at 631 (citing *Holland v. Florida*, 560 U.S. 631, 648 (2012)). Our supreme court emphasized that due process tolling "must be

reserved for those rare instances where—due to circumstances external to the party's own conduct - it would be unconscionable to enforce the limitation period against the party and gross injustice would result." *Id.* at 631–32 (quoting *Harris v. Hutchinson,* 209 F.3d 325, 330 (4th Cir.2000)); *Bush v. State*, 428 S.W.3d 1, 22 (Tenn. 2014).

Our supreme court has said that the "due diligence" requirement of the analysis adopted in *Whitehead*

> does not require a prisoner to undertake repeated exercises in futility or to exhaust every imaginable option, but rather to make reasonable efforts ….Moreover, the due diligence inquiry is an individualized one that must take into account the conditions of confinement and the reality of the prison system.

*Whitehead*, 402, S.W.3d at 631. (quoting *Downs v. McNeil*, 520 F.3d 1311, 1323 (11th Cir. 2008)(internal quotation marks omitted); *Bush*, 428 S.W.3d at 23. On appeal, Petitioner claims that she is entitled to due process tolling because prior to the filing of her post-conviction petition, the question of whether *Miller* should be applied retrospectively was unsettled until after the Supreme Court's decision in *Montgomery*.

In *Miller*, the Supreme Court held in June 2012 that a mandatory sentence of life without the possibility of parole for a juvenile offender violates the Eighth Amendment of the United States Constitution. 567 U.S. at 479. The Court in *Miller* did not hold that a juvenile could never be sentenced to life without the possibility a parole. *See Charles Everett Lowe-Kelley v. State*, No. M2015-00138-CCA-R3-PC, 2016 WL 742180, at *8 (Tenn. Crim. App., Feb. 24, 2016). The Court required "a certain process – considering an offender's youth and attendant characteristics – before imposing a particular penalty." *Miller*, 567 U.S. at 483; *Cedrick Dickerson v. State*, No. W2013-01766-CCA-R3-PC, 2014 WL 3744454, at *5 (Tenn. Crim. App., July 28, 2014)(the defendant's sentence of

life without parole did not run afoul of *Miller* when the record demonstrated that the trial court "provided the exact consideration that the Supreme Court called for in *Miller*").

Later in January 2016, the Supreme Court in *Montgomery* considered "whether *Miller's* prohibition on mandatory life without parole for juvenile offenders did announce a new substantive rule that, under the Constitution, must be retroactive." 136 S. Ct. at 732. In concluding that *Miller* announced a new substantive rule of law that must be applied retroactively, the Court discussed its holding in *Miller*:

> *Miller*, it is true, did not bar a punishment for all juvenile offenders .... *Miller* did bar life without parole, however, for all but the rarest of juvenile offenders, those whose crimes reflect permanent incorrigibility .... Before *Miller*, every juvenile convicted of a homicide offense could be sentenced to life without parole. After *Miller*, it will be the rare juvenile offender who can receive that same sentence .... *Miller* drew a line between children whose crimes reflect transient immaturity and those rare children whose crimes reflect irreparable corruption. The fact that life without parole could be a proportionate sentence for the latter kind of juvenile offender does not mean that all other children imprisoned under a disproportionate sentence have not suffered the deprivation of a substantive right.

*Id*. at 734.

"The statute of limitations begins to run when the new substantive rule is announced, not when a subsequent decision makes that decision retroactive." *James Ellison Rouse v. State*, No. M2018-00926-CCA-R3-PC, 2019 WL 3814624, at *5 (Tenn. Crim. App. August 14, 2019)(citing *Dodd v. United States*, 545 U.S. 353, 356-60 (2005)). In this case, the statute of limitations began to run on June 25, 2012, when the United

States Supreme Court decided *Miller*, and expired one year later on June 25, 2013. Petitioner did not file her petition for post-conviction relief until nearly four years later on May 5, 2016. Therefore, it was untimely. *See Ellison Rouse v. State*, 2019 WL at *5.

Petitioner's case does not fall within the three exceptions set forth in Tenn. Code Ann. § 40-30-102(b) allowing for the filing of a petition for post-conviction relief outside the one-year statute of limitations. Therefore, the post-conviction court did not have jurisdiction to consider the petition unless Petitioner could establish that she was entitled to due process tolling of the statute of limitations. *Seals v. State*, 23 S.W.3d 272, 279 (Tenn. 2000). We find that Petitioner's assertion is not an instance where due process could toll the statute of limitations. Although Petitioner alleges that she has been pursuing her rights diligently, she has not shown that she pursued those rights after the Supreme Court's holding in *Miller* and prior to the holding on *Montgomery*. She also has not shown that some extraordinary circumstance stood in her way and prevented timely filing. *Whitehead*, 402 S.W.3d at 631; *Bush*, 428 S.W.3d at 23.

In any event, Petitioner's sentence in this case does not contravene *Miller* because she did not receive a mandatory sentence of life in prison without the possibility of parole. She received a life sentence. As pointed out by the State, this court has repeatedly rejected the claim that a juvenile's mandatory life sentence, which requires service of at least fifty-one years before release, constitutes an effective *mandatory* sentence of life without parole in violation of *Miller. See* S*tate v. Antonious Johnson and Rodney Williams*, No. W2018-01125-CCA-R3-CD, 2019 WL 4008113, at *15 (Tenn. Crim. App. Aug. 23, 2019); *State v. Walter Collins*, No. W2016-01819-CCA-R3-CD, 2018 WL 1876333, at *19-21 (Tenn. Crim. App. Apr. 18, 2018); *Martez D. Matthews v. State*, No. M2015-02422-CCA-R3-PC, 2016 WL 7395674, at *4 (Tenn. Crim. App. Dec. 21, 2016)(Tenn. Apr. 13, 2017); *Charles Everett Lowe-Kelley*, 2016 WL 742180, at *8; *Billy L. Grooms v. State*, No. E2014-01228-CCA-R3-HC, 2015 WL 1396474, at *4 (Tenn. Crim. App. Mar. 25, 2015); *State v. Kayln Marie Polochak*, No. M2013-02712-CCA-R3-

CD, 2015 WL 226566, at *34 (Tenn. Crim. App. Jan. 16, 2015); *Cyntoia Denise Brown v. State*, No. M2013-00825-CCA-R3-PC, 2014 WL 5780718, at *21 (Tenn. Crim. App. Nov. 6, 2014); *Floyd Lee Perry, Jr. v. State*, No. W2013-00901-CCA-R3-PC, 2014 WL 1377579, at *5 (Tenn. Crim. App. Apr. 7, 2014); *Jeffrey T. Siler, Jr. v. State*, No. E2019-00018-CCA-R3-PC, 2020 WL 1466308, at *6 (Tenn. Crim. App. Mar. 24, 2020). Thus, when it is clear that a petitioner's substantive claim has no merit, there cannot be a due process violation that would toll the running of the statute of limitations.

We conclude that Petitioner's petition for post-conviction relief should have been dismissed because it was filed after the statute of limitations had expired. The post-conviction court erred by allowing an evidentiary hearing. However, the post-conviction court's dismissal of the post-conviction petition was not error.

## CONCLUSION

Based on the foregoing authorities and reasoning, we conclude that the petition was barred by the one-year statute of limitations for filing a petition for post-conviction relief. Accordingly, the post-conviction court's dismissal of the petition is affirmed.

_____
THOMAS T. WOODALL, JUDGE